## LOUIS M. RAFFEL *vs.* GEORGE B. CLARK ET ALS.

Third Judicial District, Bridgeport, October Term, 1913.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Where two or more conclusions are legally possible upon the evidence as certified, the finding of the trial court, adopting either of them, will not be disturbed.

It does not necessarily follow, as an inference of law, that one must have acted in reliance upon false representations as to the value of real estate, merely because they were made with the intent to mislead and deceive him. The evidence may show that he inspected the premises and based his notion of value upon other information the sources of which were open to him.

An agreement to purchase mortgaged land does not necessarily involve a promise upon the part of the buyer to become personally liable for the mortgage debt.

While the production of a recorded deed containing a clause wherein the grantee assumes the mortgage debt, is sufficient, in the absence of any other testimony, to establish his personal liability, this evidence is open to explanation; and if it appears, as it did in the present case, that there was no antecedent agreement to pay such indebtedness, that the circumstances attending the execution, delivery and acceptance of the deed were such as did not charge the grantee with actual knowledge of the insertion of such a clause, and there is no finding that he had such knowledge,—the mere introduction of such a deed in evidence is not enough to fix a personal liability upon the grantee for the mortgage indebtedness.

The presumption that one knows the contents and meaning of a written instrument which he takes as evidence of title, is not necessarily conclusive of the grantee's personal liability for the payment of the mortgage debt upon the premises.

Upon the facts as found in the present case, the delivery and acceptance of the deed were held to involve no more than the assent of the grantee to become the owner of the lot subject to the mortgage; and therefore the trial court erred in rendering a personal judgment for such indebtedness, or any part thereof, against him.

Argued October 31st—decided December 20th, 1913.

ACTION to foreclose a mortgage of real estate, brought to the District Court of Waterbury and transferred on motion of one of the defendants to the Superior Court in

New Haven County where the cause was tried to the court, *Reed, J.;* facts found and judgment rendered for the plaintiff against all the defendants, and in favor of the defendants Clark and Howshield against the defendant Curtis, from which the latter appealed. *Error and cause remanded.*

*James E. McKnight* and *Ulysses G. Church,* for the appellant (defendant Curtis).

*Omar W. Platt,* for the appellees (defendants Clark and Howshield).

*Walter E. Monagan,* for the appellee (plaintiff).

BEACH, J. The complaint alleges, and the trial court has found, that on May 19th, 1911, the defendants Clark and Howshield mortgaged the land in question to the plaintiff as security for an indebtedness of $4,200, evidenced by their promissory note; that the note became due and payable on demand by reason of a default in the payment of the interest due May 19th, 1912; that in the meantime the land had been conveyed to the defendant Curtis by a deed dated December 28th, 1911, reciting that the grantee assumed and agreed to pay the mortgage debt; that Curtis was in possession under the deed, and that the note was still owned by the plaintiff and was due and unpaid, together with interest from November 19th, 1911.

Thereupon the court rendered judgment against all the defendants for a foreclosure by sale; and, as the land is found to be worth but $2,000, the judgment as rendered lays the foundation for a deficiency judgment against the defendant Curtis, as prayed for in the complaint, under § 4146 of the General Statutes.

The defendant Curtis, hereinafter called the appellant, denied that he had agreed to assume and pay the

mortgage debt, and in a third defense, and in a cross-complaint against the defendants Clark and Howshield, alleged that he was induced to trade off an automobile for certain wagons and for the equity in the land, by false and fraudulent misrepresentations of the value of the lot, and was further defrauded in that Clark and Howshield contrived to get the deed on record in his presence, but without his knowledge that it contained an assumption clause, for the purpose of saddling him with their debt which he had not agreed to pay.

The defendants Clark and Howshield appeared and made no defense to the complaint, but answered the cross-complaint denying its allegations.

The appellant appeals from the action of the court in finding the issues of fraud in favor of Clark and Howshield, and in finding that the appellant assumed and agreed to pay the mortgage debt. All the evidence is certified to this court in support of motions to correct the finding.

Taking up, first, the alleged fraudulent misrepresentations of value. The trial court has found proven a number of subordinate facts from which it might be possible to construct the conclusions of cause and effect necessary to support a charge of fraud. But the evidence does not justify us in holding that no other conclusions were legally inferable from such subordinate facts. A close examination of the testimony of Clark and Howshield shows that some, but not all, of the material representations of fact as to value were false, and it might be concluded as a necessary inference from the fact and time of their assertion that they were intended to be relied upon by the appellant. But it does not follow, as an inference of law, that the appellant must have acted in reliance thereon, although he so testified, for it appears that he inspected the premises, that he lived in Waterbury, and that other obvious

sources of information were open to him. The motions to correct the finding as to the issues of fraudulent misrepresentation of value are denied.

The other reasons of appeal, relating to the conclusion of the trial court that the appellant assumed and agreed to pay the mortgage debt, may be disposed of upon the facts found.

Nothing was said by any of the parties at the time when the bargain was made about the appellant assuming the debt, and at no time prior to the delivery of the deed had the appellant agreed to do so. On January 2d, 1912, Clark and Howshield came to appellant's office in Waterbury, told him that they were in a hurry to get back to New Haven, and at their request he started out with them to have the deed drawn and proposed that they should go to his lawyer's office for that purpose, but was then told the deed was already drawn and they would go to the town clerk's office and have it recorded. The deed was then acknowledged before the town clerk, and Howshield handed it to the town clerk and paid the recording fee. It remained in the town clerk's office, and the appellant never took the deed into his possession until after May 19th, 1912, when the plaintiff had refused to accept payment of the overdue interest on the note.

The conclusion of the court that appellant assumed and agreed to pay the mortgage debt is stated as paragraph one under the heading "The following conclusions have been reached"; and it is apparent from its position in the finding, and from the subordinate findings of fact above stated, that this conclusion is reached, not from any evidence of an antecedent agreement to assume the debt, for there was none, but as a legal consequence of the constructive delivery and acceptance of the deed and the subsequent entry into possession.

There is no finding of any antecedent agreement to assume the mortgage debt, and no finding that the appellant knew that the deed contained an assumption clause, nor is any fact found from which actual knowledge of the assumption clause can be imputed to the appellant. On the other hand, the facts found are consistent with the conclusion that the assumption clause was inserted in the deed without authority, and that the deed was delivered for record in the appellant's presence, but without his knowledge of the particulars of its contents.

An agreement to purchase mortgaged land does not necessarily involve an agreement to become personally liable for the mortgage debt. The trial court correctly held that the burden of proof was on the plaintiff to prove an agreement by the appellant to assume the debt, and we think that the facts found are insufficient to support the inference that such an agreement existed, but rather tend to exclude such an inference.

No doubt the production of a recorded deed containing an assumption clause is sufficient to establish the personal liability of the grantee, in the absence of any other testimony. But when the agreement to assume the mortgage debt is denied, and there is no finding of any antecedent agreement to that effect, and the delivery and acceptance of the deed is under such circumstances as do not charge the grantee with actual knowledge of the existence of the assumption clause, and it is not found that he had such knowledge, the mere production of the deed containing such a clause is not enough to fix a personal liability for the debt upon the grantee. The principle that a party must be presumed to know the contents and meaning of a written instrument which he takes as evidence of title, does not extend so far as to conclusively impose on the grantee of mortgaged lands a collateral personal liability for the

mortgage debt, founded upon a clause inserted in the deed without his knowledge and expressing an agreement which he has not made. '1 Jones on Mortgages (6th Ed.) § 738; *Swisher* v. *Palmer*, 106 Ill. App. 432; *Kilmer* v. *Smith*, 77 N. Y. 226; *Blass* v. *Terry*, 156 N. Y. 122, 50 N. E. 953; *Demaris* v. *Rodgers*, 110 Minn. 49, 124 N. W. 457.

The delivery and acceptance of the deed under the facts found in this case involved no more than the assent of the appellant to become the owner of the lot subject to the mortgage. No rights of third parties founded on the deed have intervened, and there is nothing in the appellant's conduct since the deed was recorded from which a subsequent agreement to assume the mortgage debt can be inferred.

It follows that as against the appellant the plaintiff was entitled to a decree for a strict foreclosure, or, at the discretion of the court, to a decree for a foreclosure by sale; but was not entitled to a judgment for a foreclosure by sale which also found the issue of personal liability to pay the mortgage debt against the appellant, and therefore fixed upon the appellant a liability to respond to a personal judgment for the deficiency, if any, resulting from the sale, without further proceedings.

There is error, the judgment is set aside and the cause remanded for further proceedings according to law.

In this opinion the other judges concurred.