GEORGE E. HASKINS *vs.* JOSEPH A. YOUNG.

Third Judicial District, Bridgeport, October Term, 1914.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Whether a deed delivered before any name has been inserted as grantee has any validity or effect, *quære*.

The grantee of an equity of redemption incurs no personal obligation to pay the mortgage debt unless he agrees to do so; but the acceptance of such a conveyance with knowledge that it contains a clause requiring the grantee to assume and pay an outstanding mortgage, consummates the transaction and imposes a personal liability upon the latter for the mortgage indebtedness.

In the present suit, which sought a foreclosure of the mortgage, the trial court found that the defendant knew that the deed contained an assumption clause when he accepted it, and that he would therefore be liable to a deficiency judgment in case the property, on foreclosure sale, brought less than the amount secured by the mortgage. *Held* that the evidence did not justify the finding of knowledge by the defendant, and that for this reason the decree, in so far as it laid a basis for a possible deficiency judgment, was erroneous.

Argued October 29th, 1914—decided January 26th, 1915.

SUIT to foreclose a mortgage of real estate and to obtain a deficiency judgment, if necessary, against the defendant, who was alleged to have assumed, as grantee, the payment of the mortgage note, brought to and tried by the Court of Common Pleas in New Haven County, *Wolfe, J.;* facts found and judgment rendered for the plaintiff, from which the defendant appealed. *Error and cause remanded.*

*Louis M. Rosenbluth* and *Edwin A. Clark,* for the appellant (defendant).

*Omar W. Platt,* for the appellee (plaintiff).

THAYER, J.   The plaintiff asks for the foreclosure, by sale or strict foreclosure, of a mortgage given to him by one Allison, and for a deficiency judgment for the difference between the mortgage debt and the value of the mortgaged property as fixed by appraisal or sale, if the value as thus ascertained is insufficient to satisfy the debt.   Allison is not a party to the action, which is brought against the defendant alone, it being alleged in the complaint that, on the same day that the mortgage was given, Allison, by his warranty deed of that date, conveyed the mortgaged premises to the defendant, and that by the express terms of the deed the defendant assumed and agreed to pay the mortgage.   The defendant in his answer admits that the alleged deed was delivered to him by Allison, but alleges that at the time it was delivered the name of the grantee had not been inserted, that it was delivered to him as a gift of the equity of redemption, that nothing was said between him and Allison about his assuming the mortgage debt, and that he made no agreement at any time to assume the debt, and had no knowledge that the deed contained terms imposing upon him the as-

sumption and payment of it until this action was commenced. These allegations, which are contained in the second defense, are denied in the reply.

Upon the trial the defendant admitted that the plaintiff was entitled to a foreclosure of his mortgage, but claimed that he was not entitled to a finding that the defendant had assumed the mortgage debt, and that the judgment should not be for a foreclosure by sale, but for a strict foreclosure of the mortgage. The court rendered judgment for a foreclosure by sale, the judgment-file containing a general finding of the issues for the plaintiff. As the question of the assumption of the mortgage debt by the defendant is distinctly raised by the pleadings, this judgment renders the defendant liable to a deficiency judgment, should the proceeds of the sale of the property be insufficient to satisfy the amount secured by the mortgage and the costs of the action, and the defendant is therefore aggrieved by the judgment, if it, or the findings therein recited, are erroneous. The judgment cannot affect Allison, who is not a party to the action, except that it will relieve him from liability to pay the mortgage debt to the plaintiff, if the latter secures it through the foreclosure sale and a deficiency judgment for the balance against the defendant.

It appears from the finding that, as alleged in the answer, no grantee was named in the deed from Allison to the defendant at the time that it was delivered to him; but the court has also found that the defendant's name, by his direction, was inserted in the deed as grantee after its delivery to him, and was then by him caused to be forwarded to the town clerk of Milford for record. It has not been claimed before us, and the record does not show that it was claimed in the trial court, that the deed when thus completed and recorded did not constitute a valid conveyance of the equity of

redemption. We do not, therefore, stop to consider the effect of the delivery of the incomplete instrument in this respect.

The question chiefly argued before us was whether the court properly held that the defendant assumed and agreed to pay the mortgage debt, and the case turns upon the decision of that question. If he did assume it he is properly made liable for a deficiency judgment, and there is nothing in the record to show that the court improperly exercised its discretion in determining that the foreclosure should be by sale.

The deed from Allison to the defendant contains the assumption clause, as appears in the deed itself which is a part of the finding. We held in *Raffel* v. *Clark*, 87 Conn. 567, 571, 89 Atl. 184, that the mere production of a deed containing such a clause is enough to fix a personal liability upon the grantee, when there is no other testimony; but that where he denies that he assumed the mortgage debt, and there is no finding of any antecedent agreement to assume it, and the circumstances under which he accepted the deed are such as do not charge him with actual knowledge of the existence of the assumption clause, and it is not found that he had such knowledge, it is not enough to fix such personal liability upon him. The court has not found that there was any antecedent agreement by the defendant to assume the plaintiff's mortgage, and in the plaintiff's brief it is stated that there is no claim of such an agreement. The evidence, which is before us, is conclusive that no such agreement was made prior to the delivery of the deed. Both parties (Allison being called by the plaintiff) so testify, and they are uncontradicted by any witness or any fact in the case. The sale or gift of an equity of redemption casts upon the grantee no obligation to pay the mortgage debt, unless he agrees to do so. *Norwich Gas & Electric Co.* v. *Nor-*

*wich*, 76 Conn. 565, 584, 57 Atl. 746. But the court held that the defendant, when the deed was delivered to and accepted by him, knew that it contained the assumption clause. If he accepted it with such knowledge he would be bound by the agreement recited in it. The tender of the deed would be an offer to convey upon the terms recited, and its acceptance with knowledge and appreciation of the effect of the recital would be an acceptance of the offer. This of itself would constitute an agreement to assume and pay the mortgages. What the effect of an acceptance and recording of such a deed, without knowledge that it contained an assumption clause, would have upon the rights of third parties ac-, quiring the mortgage after the recording of the defendant's deed and in reliance upon the agreement recited in it, we need not inquire. The plaintiff is not such a party; he accepted his mortgage before the deed to the defendant was executed, and stands where Allison would now stand if he had redeemed the mortgage and was now seeking its foreclosure. The court bases its conclusion that the defendant had knowledge that the deed contained an assumption clause (a) upon "the evidence offered and from the appearance and manner of the defendant upon the witness stand;" (b) upon the circumstances under which the delivery and acceptance of the deed was made; and (c) upon the subsequent conduct of the defendant. The first, although stated as a conclusion, is a finding from the evidence. The defendant excepts to this, and asks for a correction of the finding so that it shall state that he had no knowledge that the deed contained the assumption clause when it was accepted and caused to be recorded by him. An examination of the evidence shows that the only direct evidence upon this question came from Allison and the defendant. Allison testified that nothing was said about the assumption of the mortgage be-

fore the deed was delivered, and that the defendant did not read the deed. It appears in the evidence that the deed was executed at Milford in this State on the day it was delivered, that it was taken by Allison at once to New York and there delivered to the defendant, and it does not appear that it left the possession of Allison until it was handed by him to the defendant. The defendant testified that he did not read the deed and had no knowledge that it contained an assumption clause until after it was recorded. This testimony was uncontradicted. There is nothing in his answers appearing in the printed record which would indicate that he was untruthful in what he said as to this matter, and Allison's testimony is corroborative. We find nothing in the circumstances under which the deed was delivered and accepted which charged the defendant with knowledge. The circumstances, as found by the court, were that "Allison was the holder of a second mortgage for $1,050 and a third mortgage for $500 on a piece of land which was then or formerly owned by the defendant, which mortgage said Allison had for some time prior to April 1st been endeavoring to get the defendant to take up and pay. Said Allison was very desirous of raising money at such time, and had made several efforts to sell said mortgages to the defendant, and on said April 1st he called on the defendant at his office in New York City and told him that if he would then and there give to him his personal note for $1,000 he would sell him said mortgages and also give to him the equity in a certain piece of land with a cottage thereon, situated at Burwell's Beach in the town of Milford. . . . Allison exhibited a photograph of said premises to the defendant, and the defendant, after examining the same, accepted the offer of said Allison and the transaction was then and there completed. Said Allison delivered to the defendant a warranty deed

of said premises, and the defendant executed and delivered to said Allison his note for $1,000. . . . At the time of the negotiations between said Allison and the defendant heretofore referred to, and before the delivery of the warranty deed to the defendant, said Allison informed the defendant that there were two mortgages on said premises, one being in favor of said John E. Lomas, and said Edward A. Nettleton for $800, and one in favor of George E. Haskins, the plaintiff in this action, for $500, which latter mortgage said Allison informed the defendant had been placed by him on the property that day. Said mortgages are the two mortgages described in the warranty deed hereinbefore referred to. Said Allison further informed the defendant at such time concerning the date of said mortgage, the time when interest became due, and the rate of interest, and also told him that he would pay to him the interest that had accrued upon the first mortgage to said April 1st, and would send him a check for such amount, so that he, the defendant, would be indemnified for the interest due on said mortgage to the date of the delivery of the deed." There is here nothing to indicate to the defendant that he was to become obligated for the mortgages upon the Milford property. The proposition was that he was to purchase, and Allison was to sell to him, two mortgages on other property, concerning which there had been prior negotiations, for the sum of $1,000 to be paid by his note for that sum, and Allison was to give him the equity of redemption in the Milford cottage. He certainly would not understand from the language that he was to become personally obligated for $1,300 of mortgages upon the land. The fact that the amount of the mortgages was stated and to whom due, would not suggest to the defendant that he was to become obligated to pay them. They were facts bearing upon the value of the equity. He

would be required to pay them to save the equity, and for these reasons it was proper for Allison to state the facts to the defendant. There was nothing in the proposition made by Allison which would lead him to suspect that the deed would contain an assumption clause. He would be justified in taking Allison at his word, and was not called upon to search the deed to see whether, under cover of deeding him an equity of redemption, Allison was securing from him an obligation to pay $1,300 of Allison's indebtedness.

The subsequent conduct of the defendant, from which the court draws its conclusion that the defendant was chargeable with knowledge at the time he accepted the deed, consisted in his having received $9.40 sent him by Allison, as promised when the deed was delivered, in payment of the accrued interest on the first mortgage on the property to April 1st, the day of the delivery of the deed, and in his having directed his stenographer to insert his name in the blank space left for the grantee's name in the deed and to send it to Milford for record. It appears from the deed, which is printed and written upon two pages, that the blank which was to be filled was upon the first page and the assumption clause was upon the second, so that the fact that the defendant then knew of the blank space in the deed does not show knowledge on his part that there was an assumption clause on the following page. These circumstances are as consistent with ignorance of the assumption clause as with knowledge of it. We see nothing in this conduct of the defendant which can charge him with knowledge of the recitals in the deed. We think that the court's conclusions (b) and (c) were erroneous, and that upon the evidence its finding (a) should be changed to a finding that the defendant had no knowledge of the existence of the assumption clause until this action was commenced. This correction

being made, the finding does not support the judgment. The case then falls within the rule laid down in *Raffel* v. *Clark*, 87 Conn. 567, 89 Atl. 184.

There was error in finding that the defendant assumed and promised to pay the mortgage debts. The judgment is reversed and the case is remanded, and the Court of Common Pleas is directed to enter judgment for the defendant upon the question of his assumption of the mortgage debt, and in favor of the plaintiff for a foreclosure of the mortgage.

In this opinion the other judges concurred.