[No. 13922. Department One. June 18, 1917.]

ADRIAN MAGALLON, *Plaintiff*, v. GEORGE ADAM SCHREINER *et al.*, *Defendants*, HENRY T. HILL, *Appellant*, JAMES D. STEWART, *Respondent.*[1]

MORTGAGES — ASSUMPTION OF MORTGAGE — CONTRACT — EVIDENCE. Where a contract for the purchase of land contained no provision for the assumption of a mortgage, the purchaser cannot be made liable on a deficiency judgment from the fact that a deed in blank had been executed containing an assumption of the mortgage, where the deed was not delivered or its contents made known to the purchaser.

Appeal from a judgment of the superior court for Walla Walla county, Mills, J., entered April 21, 1916, decreeing a deficiency judgment as against a defendant assignee of the mortgagor, in an action to foreclose a mortgage. Reversed.

*Rader & Barker*, for appellant.

[1]Reported in 165 Pac. 1048.

MAIN, J.—The purpose of this action was to foreclose a real estate mortgage and for a deficiency judgment. The trial resulted in a judgment of foreclosure which provided that, in the event the property covered by the mortgage did not sell for enough to satisfy the indebtedness secured thereby, a deficiency judgment be taken. From this judgment, the defendant Henry T. Hill, against whom was rendered a contingent deficiency judgment, appeals.

The facts are these: On the 28th day of December, 1909, George A. Schreiner and wife, being then the owners of certain real estate in Walla Walla county, mortgaged the same to Adrian Magallon, the plaintiff in this action, for the purpose of securing an indebtedness in the sum of $3,500. On the 23d day of February, 1912, Schreiner and wife sold and conveyed the property covered by the mortgage to John S. Wickersham, the deed providing that the purchaser assumed and agreed to pay the mortgage. On the 11th day of April, 1912, Wickersham sold and conveyed the property to James D. Stewart. The deed making this conveyance also provided that the purchaser assumed and agreed to pay the mortgage. On the 12th day of November, 1912, Stewart, being then the owner of the property covered by the mortgage, contracted to sell the same to Henry T. Hill, and the latter, by the same contract, agreed to convey to Stewart certain property then owned by Hill in the state of Oregon. This contract was signed by Stewart and Hill, but contained no provision that Hill should assume or pay the mortgage upon the property which was to be conveyed to him by Stewart. On the 26th day of November, 1912, Stewart executed a deed of conveyance of the property covered by the mortgage. This deed was a conveyance to a grantee in blank, as no person was named therein to whom the title to the property was conveyed. This deed contains a provision that the second party (blank grantee) agreed to assume and pay the mortgage. There is no evidence that this deed was ever delivered to Hill, that he knew its contents, or that he ever asserted any

ownership or dominion over the property. The decree of foreclosure provides for a deficiency judgment against Schreiner and wife, Wickersham and Stewart, with the further provision that Stewart, for any sum that he may be compelled to pay in satisfaction of the deficiency judgment against him, shall have a judgment over against Hill. It is from this provision of the judgment that Hill appeals. By this appeal, no other provision of the judgment is affected.

The trial court did not make formal findings of fact and conclusions of law, but it is recited in the judgment that, on or about the 26th day of November, 1912, Hill entered into an agreement and understanding with Stewart whereby the former was obligated to reimburse the latter for any payments which he (Stewart) might be obligated to make in satisfaction of any deficiency judgment against him. The record contains no evidence to support this finding. As already stated, the contract of sale or exchange between Stewart and Hill did not provide that the latter should assume or pay the mortgage. There is no evidence that the deed executed in blank on the 26th day of November, 1912, was ever delivered to Hill, or that he knew of its contents. Neither is there any evidence that Hill ever asserted or claimed ownership or dominion over the property described in the deed executed by Stewart to a blank grantee. Under these facts, it cannot be held that Hill agreed to assume and pay the mortgage. It was error, therefore, for the trial court to provide in the judgment that Stewart, in the event that he should be called upon to pay a deficiency judgment, should have a judgment over against Hill. The effect of the delivery of a deed in blank, where a person acting thereunder takes possession of, or assumes dominion over, the property described therein, is not before us in this action, and no opinion is expressed thereon.

The judgment, to the extent appealed from, will be reversed, and the cause remanded with direction to the superior

court to eliminate therefrom that provision which provides for a judgment over in favor of Stewart and against Hill.

ELLIS, C. J., CHADWICK, MORRIS, and WEBSTER, JJ., concur.