The Hamilton Company
vs.  No. 83630.
Sigmund Rosen

July 19, 1932.

FROST, J.   Heard on defendant's motion for new trial after verdict for plaintiff in the sum of $4,049.81.

This is a suit brought by the plaintiff, a corporation dealing in real estate mortgages, to recover a balance due it upon a note secured by a mortgage on real estate after the foreclosure of the mortgage and sale of the real estate, which sale failed to produce the amount of money due upon the note.

At the trial it appeared that the defendant desired to obtain certain real estate lying on the easterly side of Elmwood Avenue in the City of Providence, owned by Max Gordon and Louis E. Gordon.   Rosen entered into negotiations with the Gordons and a price of $55,000 was agreed upon. However, he did not wish to sign a mortgage, as he testified, and negotiations came to nothing.   A little later, at the request of one Kapstein, Rosen went to the office of the Todd-Mellor Company, where apparently it was arranged that Rosen was to obtain the land through a representative of that company.

Charles H. Dunlap testified that he was treasurer of the Todd-Mellor Company, a corporation dealing in real estate; that the land desired by Rosen was transferred to him, Dunlap, by the Gordons; that there was a mortgage of $30,000 upon it at that time; that he gave a mortgage, that is, a second mortgage, to The Hamilton Company for $15,000; that on the same day on which the property was deeded to him, he deeded it to Rosen; that the price to Dunlap was $55,000; that of this amount $45,000 was in mortgages, $7,000 in real estate and $3,000 in cash, both the real estate and cash coming from Rosen.  Dunlap

neither made nor lost by the transactions although a fee went to his Company.

The mortgage deed was recorded on February 13, 1928, the day on which these various transactions were carried through, while the deed to Rosen was recorded on the following day, February 14, 1928.

The deed to Rosen contained these words: "Said premises are hereby conveyed subject to a first mortgage of record of Thirty Thousand' ($30,000) Dollars, and a second mortgage of record of Fifteen Thousand ($15,000) Dollars, the payment of which mortgages are hereby assumed by said Grantee as a part of the consideration hereof."   (Plaintiff's Exhibit 2.)

On September 12, 1928, Rosen conveyed the property to Robert Realty Company, Inc. (Plff's Ex. 5).  On September 11, 1929, the property was conveyed to Max L. Rosen (Plff's Ex. 6) and on December 20, 1929, it once more came into the possession of Sigmund Rosen by deed from Max L. Rosen.

On March 11, 1930, the mortgage held by The Hamilton Company was foreclosed and the property sold to Thomas J. Heffernan for $9,400. There was a deficiency of $3,500, which with costs &c. amounted to $3,683.32.   To recover that amount, this suit was instituted against Sigmund Rosen on April 14, 1930.

Following the rendition of the verdict, the defendant filed a motion for new trial on the usual grounds but at the hearing on the motion the only ground emphasized was that the verdict was against the weight of the evidence.

The mortgage for $15,000 was given by Dunlap, when he was the owner of the Elmwood Avenue property, to The Hamilton Company and the latter company loaned its money to Dunlap. Did Sigmund Rosen assume to pay this mortgage in place of Dunlap? The deed which Rosen accepted and which

was recorded contains apt words which, in and of themselves, spell a clear assumption of the mortgage obligation by the grantee, Rosen. If Rosen knew that the deed which he accepted contained an assumption clause, he would undoubtedly be bound to pay a mortgage deficiency unless in some way released by the mortgagee. 41 C. J. 725. Did he have such knowledge?

There is evidence that Rosen in the beginning declined to sign a mortgage and for that reason the early negotiations for purchase of the Elmwood Avenue property came to naught. Assuming the truth of that testimony, it hardly seems that the same person would knowingly accept a deed containing an assumption clause. Rosen, himself, says that he first learned of the assumption clause when the present suit was brought against him. He testified that the Todd-Mellor Company took care of the recording of the deed and this appears to be borne out by the weight of the evidence. Mr. Dunlap testified that he did not direct the insertion of the assumption clause although the deed was probably drawn in his office, and did not discover it until just before the foreclosure sale.

It does not appear that the assumption clause was caused to be inserted through the insistence of the mortgagee, for the knowledge of its existence appears to have been imparted to Mr. Andrews of The Hamilton Company by Mr. Dunlap. However the clause became inserted in the deed from Dunlap to Rosen, it does not appear to have been as a result of an agreement on the part of Rosen or on the part of anyone representing him, nor does it appear to have been with his knowledge. If that be so, Rosen cannot be held to have assumed the mortgage obligation (*Magellon* vs. *Schreiner et al.*, 97 Wash. 15) unless it be shown that by his actions subsequent to obtaining such knowledge he failed to take any steps to indicate to the mortgagee that he did not accept the assumption clause. To the mind of the Court the evidence in this case failed to show that Rosen at any time so acted or failed to act in such a manner that it can now be said that he waived his right to contest the claim that he assumed the mortgages. In this connection, see *Becker* vs. *Nelson*, 205 N. W. 262.

The Court, after careful and somewhat prolonged consideration of this case, has reached the conclusion that the weight of the evidence is to the effect that Rosen never assumed the payment of the mortgages in question.

For the foregoing reasons, defendant's motion is granted.

Plaintiff's attorneys: Messrs. Grimm & Littlefield.

Defendant's attorney: Frank H. Bellin, Esquire.