THE HAMILTON COMPANY *vs.* SIGMUND ROSEN.

JUNE 15, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This action in assumpsit was tried in the Superior Court before a jury and resulted in a verdict for the plaintiff in the sum of $4,049.81. Thereafter defendant's motion for a new trial was granted and the case is here on plaintiff's exceptions as follows: to rulings during the course of the trial, to the denial of its motion for a directed verdict, to portions of the charge to the jury and to the granting of defendant's motion for a new trial. The substantial questions for consideration are: did the court err in granting defendant's motion for a new trial or in its charge relative to the legal effect of an extension of time in which to pay the mortgage note in question?

It appeared in evidence that a real estate broker endeavored to sell to defendant a certain parcel of real estate for the sum of $55,000. The property was subject to a first mortgage of $30,000 and, as the defendant was willing to invest money and property which he owned to the value of $10,000, it became necessary to raise an additional $15,000 to finance the proposition. This the broker sought to do by applying to the present plaintiff for a second mortgage

loan in this amount. After plaintiff had expressed its willingness to make such a loan, the defendant—to the knowledge of the plaintiff—declined to obligate himself personally to this extent and refused to execute the proposed second mortgage and note; and for this reason the negotiations for the purchase of the real estate were for a time discontinued. Thereafter, another real estate broker interested himself in selling the property to the defendant and made an arrangement whereby an intermediary by the name of Dunlap should purchase said property and give the plaintiff the second mortgage for $15,000, the defendant furnishing in land and money the additional part of the purchase price, namely, $10,000. After the transaction had been carried through by Dunlap who received title, there was drafted in the office of a firm of real estate brokers a deed from Dunlap to defendant in which was incorporated the following assumption clause: "Said premises are hereby conveyed subject to a first mortgage of record of $30,000, and to a second mortgage of record of $15,000, the payment of which mortgages are hereby assumed by said grantee as a part of the consideration hereof."

Defendant testified that he did not know that this clause had been inserted in the deed; that he was not present when the deed was drawn or recorded and that, upon ascertaining that this clause was in the deed, he gave notice that he had not assented to it and disclaimed liability upon it. The testimony of the various witnesses was conflicting, but two facts stood out clearly and were a persuasive factor in determining the defendant's relation to the whole transaction: his known refusal to execute the second mortgage and note, and the further fact that—so far as appears—the holder of the first mortgage was entirely ignorant of the entire transaction and had not asked anyone other than the original mortgagor to assume payment of the note secured by this mortgage.

It has been held that one cannot be deemed to have assumed a mortgage obligation unless he is shown to have

had knowledge of the existence of an agreement to assume the same and to have failed to take prompt steps to indicate his refusal to assume payment of the mortgage obligation. *Drury* v. *Hayden*, 111 U. S. 223; *Raffel* v. *Clark*, 87 Conn. 567; *Becker* v. *Nelson*, 205 N. W. 262; *Blass* v. *Terry*, 156 N. Y. 122; *Magallon* v. *Schreiner*, 97 Wash. 15.

In the instant case the evidence in regard to the question of defendant's knowledge of the assumption clause and his subsequent action in relation thereto was conflicting. The court below in its rescript stated that it had "reached the conclusion that the weight of the evidence is to the effect that Rosen never assumed the payment of the mortgages in question," and thereupon granted the defendant's motion for a new trial. When a motion for a new trial has been granted on the ground that the verdict fails to administer substantial justice, such exercise of power by the trial justice will not be disturbed unless it is clearly erroneous. *Noland* v. *R. I. Co.*, 30 R. I. 246; *Surmeian* v. *Simons*, 42 R. I. 334. We find no error in the decision of the trial justice granting said motion, and plaintiff's exception on this ground is overruled.

Inasmuch as a retrial of this case is necessary, we will consider the exceptions to the charge of the court regarding the legal effect of an extension of time of payment of the mortgage note upon the liability of the defendant to pay the same. If defendant knowingly assumed payment of the mortgage note, he thereby became surety for the payment of the same by any subsequent grantee taking the premises subject to the mortgage, and would not be released from liability unless the time of payment of the same was extended by a binding agreement based upon a good consideration. *Fales* v. *McDonald*, 32 R. I. 406; *Blumenthal* v. *Serota*, 151 Atl. (Me.) 138; *Boardman* v. *Larrabee*, 51 Conn. 39; *City Inst. of Savings* v. *Kelil*, 262 Mass. 302; *Warner* v. *Williams*, 93 Md. 517; 41 A. L. R. 282-296; 41 C. J. 735.

The court below instructed the jury as follows: ' "If you find any evidence which would warrant you in reaching a conclusion that there was a binding agreement between The Hamiltion Company and the Robert Realty Company whereby The Hamilton Company gave an extension of time and was bound by that agreement not to sue the Robert Realty Company for any deficiency until that time had expired, then, as I say, that finding would automatically release Mr. Rosen and you would have to find for the defendant." This instruction correctly stated the law in relation to the facts at issue and the exceptions thereto are without merit and are overruled.

All plaintiff's exceptions are overruled. The case is remitted to the Superior Court for a new trial.

*Charles H. Eden*, for plaintiff.
*Frank H. Bellin*, for defendant.