WILLIAM C. McCUTCHEON, ET AL.
vs.
ISAAC SHANEN, ET AL.

Superior Court        Fairfield County        File #48117

Present:   Hon. ERNEST A. INGLIS, Judge.

Edwin F. Morse;
Mernstein & Weissman;        Attorneys for the Plaintiff.

George Wise;
Plotnick & Plotnick;        Attorneys for the Defendant.

## MEMORANDUM FILED

INGLIS, J.   The issue to be determined is as to whether the defendants, Wise and Weissman, have assumed the mortgage now sought to be foreclosed so that they are liable personally for any deficiency which there may be.

The mortgage now being foreclosed was given to the plaintiffs on May 23, 1927, by one Jenkins. Thereafter, the defendants Wise, Weissman and Shanen and the deceased Rubin Silverman agreed among themselves to buy the property in question as a partnership venture, it being understood that title should be taken in the name of Shanen and Silverman for the benefit of all four. After some difficulty with Jenkins, he, Jenkins finally, on August 27, 1928, executed a warranty deed of the property to Shanen and Silverman. This conveyance was made subject to the plaintiff's mortgage but there had been no agreement between Jenkins and the purchasers that the latter should assume the mortgage and the deed contained no provision to that effect.

Later, on November 17, 1928, the defendants Shanen and Silverman executed a quit-claim deed conveying an undivided one-half interest in the property to Wise and Weissman. This deed contained the provision that the releases assumed and agreed to pay one-half of the mortgages on the property. The deed had been prepared by Bernard Plotnick, Esq., who was acting as attorney for the partnership consisting of all four defendants. There had been no agreement among the defendants that Wise and Weissman should assume any part of the mortgage and Mr. Plotnick had written the provision for assumption into the deed without any instructions so to do from any of the partners. Mr. Plotnick had been retained simply for the purpose of making the deeds and making adjustments with various lienors. It was no part of his employment to make terms of the contract among the partners.

After procuring the execution of the quit-claim deed by Shanen and Silverman, Mr. Plotnick had the deed recorded and then sent it direct to Silverman and Shanen. Neither Wise nor Weissman saw the quit-claim deed until after this foreclosure was instituted nor did they have any knowledge that it contained the assumption agreement.

Upon these facts it is clear that Wise and Weissman can not be charged with having assumed any portion of the mortgage. It is well settled that if there has been no antecedent agreement to assume a mortgage, the mere fact that an assumption provision appears in a deed does not operate to bind the grantee to such assumption if he has no knowledge either actual or constructive of the assumption provision.

Raffel vs. Clark, 87 Conn. 567.

Haskins vs. Young, 89 Conn. 66.

The case must be distinguished from Arcari vs. Strouch, 114 Conn. 200, cited by the plaintiff. In that case a defendant was held bound by an assumption agreement in the deed of property to her even though she was ignorant of the fact that it was in the deed, because it had been inserted with the consent of her brother who was her agent. The agent of the defendant in that case, however, was one entrusted with full authority to agree upon the terms of the purchase for his principal. The agent in this case, Mr. Plotnick, had no authority to agree upon the terms of the conveyance Shanen and Silerman to Wise and Weissman. His only authority was to procure the conveyance of the half interest in the property.

The issues raised by the answer of the defendants Wise and Weissman and the reply are found in favor of those defendants and no deficiency judgment shall be entered against those defendants.