JOSEPHINE TARCYAK, ADMINISTRATRIX (ESTATE OF WLADYSLAW TARCYAK) *vs.* MARY BAKASIS ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued December 6th, 1935—decided January 8th, 1936.

*Charles Albom,* with whom, on the brief, was *Arthur Klein,* for the appellants (defendants).

*Thomas R. Robinson,* with whom, on the brief, was *Alfred C. Baldwin, Jr.,* for the appellee (plaintiff).

HINMAN, J. The note upon which recovery was sought and obtained was for $7025 and was given on March 5th, 1929, by Bernard A. and Teofila Mallers, husband and wife, to Wladyslaw Tarcyak, the plaintiff's intestate, and secured by a third mortgage on real estate in New Haven. The Mallers fell in arrears in payments on principal of mortgages, interest and taxes, and in October, 1929, the second mortgagee, Goldstein, instituted foreclosure proceedings. On November 1st the Mallers conveyed the property to the defendants by warranty deed containing a clause, in the usual form, assuming and agreeing to pay, as a part of the consideration for the deed, mortgages therein specified, being a first mortgage for $13,000, Goldstein's

second mortgage for $5600, and Tarcyak's third mortgage, all amounting to $25,125, also taxes. The present action counted and relied upon this assumption agreement.

The efforts of the appellants are directed mainly toward eliminating from the finding subordinate facts supporting the conclusions that there was an agreement, antecedent to the date of the conveyance by the Mallers to the defendants, that the latter should assume and agree to pay the mortgages, and that the defendants accepted the deed with knowledge of the assumption clause therein and of its meaning and effect. They also seek to secure findings that the deed was given by the Mallers and accepted by the defendants as security for a prior debt of $800 and future payments necessary to save the property from foreclosure, and subject to a parol agreement for reconveyance upon payment of the debt and reimbursement for such expenditures.

If operative facts justifiably found are sufficient to support the conclusion that the defendants took their deed with knowledge and comprehension of the presence and significance of the provision by which they undertook to assume and pay the specified incumbrances, the further conclusion that it was inserted pursuant to an antecedent agreement to that effect is not essential to a judgment for the plaintiff. Even if there be no antecedent agreement to assume, the grantees are bound by the assumption clause if they accepted the deed with knowledge that it contained that clause and of its meaning. "The tender of the deed would be an offer to convey upon the terms recited, and its acceptance with knowledge and appreciation of the effect of the recital would be an acceptance of the offer. This of itself would constitute an agreement to assume and pay the mortgages." *Has-*

*kins* v. *Young*, 89 Conn. 66, 70, 92 Atl. 877; *Raffel* v. *Clark*, 87 Conn. 567, 571, 89 Atl. 184. The ultimate fact, as to this, found by the trial court is that the terms of the deed, including the assumption clause, were read and explained to the defendants before execution, delivery and acceptance "and the defendants knew and understood that they agreed to pay the mortgages according to the tenor and terms thereof."

The circumstances attending the conveyance, appearing from other facts found which are not attacked or which are undisputed or amply sustained by the evidence, or from evidence which the trial court was fully warranted in crediting, include the following: The deed was drawn and passed in the office of a firm of attorneys who are experienced specialists in real-estate transactions. There were present when the deed was executed and delivered, not only the representative of this firm and the grantors and grantees, but also the plaintiff's intestate, who was third mortgagee, an attorney representing Goldstein the second mortgagee, the attorney for the grantors, a Lithuanian interpreter who during the transaction talked in that language with the defendants, and another friend of the parties. Goldstein's attorney was present to attend to a withdrawal of his foreclosure action upon performance of certain agreed conditions and required, in the presence of the parties, that an agreement to assume the mortgage be inserted in the deed, and Tarcyak stated that he wanted the same thing. It appears to be undisputed that the completed deed was read, by the scrivener, to all assembled, and although the point was much in dispute there was evidence ample to support the finding that the meaning of the assumption clause was explained by him. The defendants had previous experience in real-estate transactions and owned valuable real estate. They under-

stood and spoke English, testifying in court without an interpreter, and the printed record of their testimony indicates (even without the opportunity of the trial court to observe the witnesses) that they were capable of grasping the meaning of "assume and agree to pay" specified incumbrances, even without supplementary explanation and without interpretation into the Lithuanian language. They accepted the deed without protest. Goldstein thereupon withdrew his foreclosure suit, they paid arrearages on the mortgages, taxes, insurance premiums and water rates, took complete possession, control and management of the premises and collected the rents, and made subsequent payments of principal and interest on the various mortgages.

The facts are sufficient to warrant the trial court in concluding that the conduct of the defendants was indicative of full knowledge and understanding of the personal liability and responsibility imposed by the assumption clause. This, irrespective of the further conclusion that there was, between them and the Mallers, an antecedent agreeement to assume the mortgages, is sufficient to establish a binding assumption agreement. *Haskins* v. *Young*, supra. That the conveyance was accompanied by an oral agreement by the defendants to reconvey to the Mallers if the latter reimbursed them for their prior loans and their expenditures on account of the property is far from being an admitted or undisputed fact, but even if it could be added to the finding it would be immaterial to the issues of the present case. The agreement, if it existed, would be unenforceable by the Mallers. *Andrews* v. *New Britain National Bank*, 113 Conn. 467, 475, 155 Atl. 838. Assuredly it could not affect the liability of the defendants to the present plaintiff, a

third party without notice of it and entitled to rely solely upon the written instrument.

There is no error.

In this opinion the other judges concurred.