## GREENWICH TRUST CO. ET AL., TRUSTEES
*vs.*
## KATHERINE E. GLYNN ET AL.

Superior Court        Fairfield County        File No. 61612

MEMORANDUM FILED JUNE 2, 1942.

*Hirschberg, Pettengill, Strong & Deming,* of Greenwich, for the Plaintiffs.

*Marsh, Stoddard & Day,* of Bridgeport, for the Defendants.

Memorandum of decision in action on mortgage note.

O'SULLIVAN, J. This is an action against Katherine E. Glynn, the maker of a promissory note, and Hilda Ruddock, who is alleged to have assumed its payment.

It is clear that judgment must enter against the former. The contested part of the case centers on whether Mrs. Ruddock should also be held liable.

It appears that on June 4, 1927, Mrs. Glynn executed and delivered to The Greenwich Trust Company her nonnegotiable demand note for $16,000, which was secured by a mortgage on a parcel of land located in Greenwich. On May 29, 1930, her husband, Edward J. Glynn, who was then the owner of the equity, conveyed the land to Mrs. Ruddock. In the deed of conveyance appears the following: "Said premises are conveyed subject to a mortgage of $16,000 in favor of The Greenwich Trust Company, dated June 4th, 1927, which mortgage indebtedness the grantee herein assumes and agrees to pay as a part of the consideration of this deed." After the transfer of title, the mortgagee forwarded to Mrs. Ruddock all notices concerning the accrual of interest.

Mrs. Ruddock should be held liable if she had entered into an antecedent agreement to assume the mortgage indebtedness, or if she accepted the deed knowing that it contained an agreement to assume the payment of the debt and understanding its import. "The tender of the deed would be an offer to convey upon the terms recited, and its acceptance with knowledge and appreciation of the effect of the recital would be an acceptance of the offer. This of itself would constitute an agreement to assume and pay the mortgages." *Haslin vs. Young,* 89 Conn. 66, '70. *See, also, Raffel vs. Clark,* 87 Conn. 567; *Tarcyak vs. Bakasis,* 120 id. 656.

No evidence supports the claim that any antecedent agreement was entered into by Mrs. Ruddock. She was at no time engaged in negotiations for the purchase of the land. It appears that her husband wished to buy a home and went with her to look over the Glynn place. They were each satisfied with it and thereafter Ruddock entered into a written contract with Glynn to purchase the property and it was he who made the antecedent agreement. In so doing he was acting on his own behalf.

When the time came to close the deal, Ruddock asked Mrs. Ruddock to contribute $10,000 towards the purchase price, telling her he would have the property put in her name. Both she and her husband met Glynn and his counsel, Lorin Willis, at the office of Walter M. Anderson, an attorney who has since died. The deed, as prepared, was read to all present and was understood by Mrs. Ruddock to require her to pay the mortgage indebtedness to the trust company.

Mrs. Ruddock is a lady of keen intelligence and she comprehended the nature and meaning of the clause. Having accepted the deed with knowledge and appreciation of what it contained, she cannot now escape its consequences.

The issues on the complaint and cross-complaint are found for the plaintiff. Accordingly, the plaintiffs, who are the assignees of the original mortgagee, are entitled to recover from the defendants the face of the note with interest from June 1. 1939. To this should be added $200 as counsel fees. This totals $19,080, and for this amount judgment may enter.