Irving A. Green, S.
A petition is presented to this court by the successor administrator for permission to continue a partnership business conducted, during the lifetime of the decedent, as a general copartnership with his brother, the successor administrator. The decedent died December 20, 1970, since which time the partnership business has been continued by the surviving partner. There has been no valuation of the decedent’s interest in the partnership business as of the date of death. There has been no settlement of the partnership accounts between the decedent’s estate and the surviving partner who has continued such business. The surviving spouse, who initially received letters of administration herein, failed properly to administer this estate and to protect and marshal the estate assets for the benefit of the distributees consisting of herself and three minor children. Indeed, the surviving spouse indicated to the court her unwillingness to continue in such capacity. By reason of the urgent need to administer and wind up the delayed affairs of this decedent, this court, upon the consent of the surviving spouse, granted the petition of the surviving *1053 partner for successor letters of administration upon the estate of his brother. A fiduciary bond was required upon such appointment and has been posted herein.
This court possesses statutory power to authorize the continuation of a business, other than a profession, of which the decedent was the sole. owner. (SOPA 2108.)' It appears, therefore, that this court is without particular authority to entertain this petition for the continuance of a business of which this decedent was not the sole owner. The petition expresses the concern of the successor administrator that such partnership business is not saleable except as a going concern and is, presently, a substantial source of income for the petitioner, individually and as surviving partner; and for the distributees of the decedent. If continuance of the partnership business is economically feasible or advisable, there is sufficient provision for its continuance by the surviving partner in section 72 and section 73 of the Partnership Law. The continuance of the business, however, pursuant to the provisions of the Partnership Law does not serve as any basis to delay the valuation of the decedent’s interest in the partnership at this time and prior to liquidation of the partnership business. (Shubert v. Lawrence, 1 A D 2d 654; M. & C. Creditors Corp. v. Pratt, 172 Misc. 695, affd. 255 App. Div. 838, affd. 281 N. Y. 804.) The manner of payment of the estate’s interest may be worked out by agreement between the parties or by the court after the value of the interest has been fixed. Of course, where the surviving partner continues the partnership business with the partnership funds, he is, as a general rule, liable to account for the profits attributable to the use of decedent’s rights in the property of the dissolved partnership or, alternatively, for interest thereon; besides bearing all the losses. (M. & C. Creditors Corp. v. Pratt, supra; Partnership Law, §73.)
Generally, the jurisdiction of this court to intervene in partnership affairs and to compel an accounting by a surviving partner is limited to only certain classes of cases. (See Matter of Kalik, 178 Misc. 607, 608.) One such class is applicable to this estate, namely, where the surviving partner is the accounting administrator. The pertinent rule is stated in Matter of Hearns (214 N. Y. 426, 434): “ It has been held to be the duty of a surviving partner who is also an executor, to account in the Surrogate’s Court.”
The court, in Matter of Hearns (supra), laid down the permissible procedure, in such instance, to include the accounting, *1054 as the surviving partner, to be made in connection with his account as estate fiduciary.
In view of the difficulties which this estate has encountered in the marshalling of its assets and in the administration of the estate affairs, the court, at this time, will not, on its own initiative (SCPA 2205), require the fiduciary to file a final account. However, the court directs that the successor administrator proceed to the evaluation of the decedent’s interest in the partnership as of the date of death and to marshal the estate assets, determine its debts and liabilities, and file an intermediate account with petition for its judicial settlement no later than the 3rd day of June, 1974.
The court, therefore, declines to entertain the petition and directs the successor administrator to proceed as above set forth.