STEPHEN P. CASSIDY, JR. *v.* PETER BONITATIBUS ET AL.

SUPERIOR COURT   JUDICIAL DISTRICT OF   FILE NO. 193950
FAIRFIELD AT BRIDGEPORT

Memorandum filed February 23, 1984

*Thomas L. Kanasky, Jr.,* for the plaintiff.
*Zeisler & Zeisler,* for the named defendant.

FALSEY, J. The plaintiff negotiated with the defendants for the sale of his property to them. A contract was drawn up which provided for a sale price of $38,000 and a mortgage contingency of $28,000. A $1000 deposit was made, with the balance to be paid at the closing. The defendants told the plaintiff that they were unable to secure financing, and further negotiations ensued. On June 18, 1976, the defendants executed a $5000 promissory note to the plaintiff, and the plaintiff conveyed a warranty deed to the defendants. The deed states that the property was conveyed subject to "a prior mortgage as of record appears." The defendants held the property for three years, and made mortgage payments to the bank. The defendants sold the property to Michael Donadeo in March, 1979. Subsequent to this sale, the mortgage payments were defaulted on, and City Savings Bank, the holder of the first mortgage, brought suit against the plaintiff for the unpaid balance of the mortgage.

The plaintiff contends that after it was determined that the defendants could not obtain financing, the defendants subsequently agreed orally with the plaintiff that they would assume the plaintiff's mortgage. The defendants contend that the later agreement was that they would take title subject to the existing mortgage, which would be deducted from the contract price, and give the plaintiff a second mortgage for $5000, and would pay the balance of the contract price, in cash, to the plaintiff.

A grantee taking property subject to a mortgage and not assuming the debt secured thereby is not personally liable for payment of the mortgage debt. *Lenox Realty Co.* v. *Hackett,* 122 Conn. 143, 147, 187 A. 895 (1936). A purchaser of mortgaged property may become per-

sonally liable for the mortgage debt. 59 C.J.S., Mortgages § 406, p. 571. An agreement to assume a mortgage debt may be contained in the deed; *Tarcyak* v. *Bakasis,* 120 Conn. 656, 658, 182 A. 406 (1936); or by an antecedent agreement. *Raffel* v. *Clark,* 87 Conn. 567, 571, 89 A. 184 (1913).

Assumption of a mortgage by a grantee will not be presumed, and an agreement to do so must be established by clear and convincing proof. 59 C.J.S., Mortgages § 412, pp. 587–88. The plaintiff failed to meet that burden of proof; consequently judgment may enter for the defendants.

The plaintiff claims that the defendants orally agreed to assume the obligations of the mortgage. Such a promise if made would have to be in writing to satisfy General Statutes § 52-550 (a) (2) since it would clearly be a promise to pay upon default of the plaintiff.