JOSEPH KALICHMAN, Individually and as a Partner in Beverly Holding Company, Respondent, v BEVERLY HOLDING COMPANY, Defendant, and JACK KLEIN, Individually and as a Partner in Beverly Holding Company et al., Appellants.

Third Department, October 15, 1987

## APPEARANCES OF COUNSEL

*Saperston & Day, P. C. (Laurence D. Behr* of counsel), for appellants.

*Roland & Fogel (George A. Roland* of counsel), for respondent.

## OPINION OF THE COURT

CASEY, J.

In 1957, following the purchase of premises located at 2432 University Avenue in The Bronx, plaintiff and Joseph Klein (hereinafter decedent) formed defendant Beverly Holding Company, a partnership, whose sole asset was the Bronx property which contained apartments. In 1967, plaintiff and decedent obtained two bonds from National Savings Bank of Albany (hereinafter the bank), totaling $189,000, which were secured by two 10-year mortgages on the Bronx property.

Decedent died intestate in 1970, resulting in one half of his 50% ownership in the Bronx property passing to his wife and the other half to his two sons, defendants Jack and Frank Klein (hereinafter defendants). The wife died in 1971, devising her interest in the property to defendants.

In 1979, as the result of a default in payment due on the bonds, the bank sued plaintiff, who commenced a third-party action against defendants. The third-party action was dismissed with leave to recommence the action within 60 days due to defective service of process. Shortly thereafter, plaintiff settled with the bank for $100,000 and commenced this action against defendants and the partnership. Defendants moved to dismiss for failure to serve Frank Klein within the 60-day period contained in the order and for failure to state a cause of action. Supreme Court granted the motion as to Frank Klein due to insufficient service of process in Florida, but denied the motion as to Jack Klein, finding questions of fact as to the existence of the partnership. For reasons not relevant here, the order was not signed until January 6, 1981 and not entered until July 1985.

Following defendants' motion to vacate this order, which was granted without opposition, plaintiff again served Frank Klein in Florida in August 1985. Frank Klein then moved to dismiss the second complaint on both jurisdictional and substantive grounds. Jack Klein moved to reargue his motion to dismiss the complaint for failure to state a cause of action and, alternatively, for summary judgment. While these motions were pending, plaintiff personally served Frank Klein in Canada. On February 21, 1986, Frank Klein again moved to dismiss the second action on substantive grounds and also on the basis of General Obligations Law § 15-108 (c). Supreme Court denied the motion to reargue and an amended order was entered on April 8, 1986 containing the same decretal paragraph as the January 6, 1981 order, which had, *inter alia,* denied Jack Klein's motion to dismiss the complaint. Jack Klein has appealed this order to this court.

In regard to Frank Klein, his motion dating back to December 20, 1985 to dismiss for lack of personal jurisdiction was granted, but his motion to dismiss the action commenced by service in Canada was denied by Supreme Court on the ground that the first order dated January 6, 1981 constituted the law of the case. The court further found that plaintiff's complaint alleged a cause of action for indemnity and not contribution, so that the action was not barred by General

Obligations Law § 15-108 (c). This order, entered March 20, 1987, is appealed here by Frank Klein.

■ Defendants argue that plaintiff's complaint arises out of plaintiff's obligation on the bond debts, an obligation existing separate and apart from their ownership interest in the Bronx property, which stood merely as security for the bond debts. For lack of their obligation on the bond debts, defendants claim that New York has no personal jurisdiction over them. We believe that defendants have too narrowly construed plaintiff's causes of action. In our view, defendants' admitted ownership of the Bronx property subjects them to personal jurisdiction of plaintiff's cause of action. Although the bank elected to sue on the bonds rather than foreclose the mortgage, plaintiff's cause of action arises out of defendants' partial ownership, use or possession of the Bronx property and their receipt of income from that property's rental *(see,* CPLR 302 [a]). Additionally, plaintiff's allegation that defendants acted as his partners, and thereby assumed the obligation which was secured by the Bronx property, satisfies the requirements of CPLR 302 (a) (4). Based on their ownership of the property and their interest and activity in regard to it, defendants have purposefully availed themselves of the benefits and privileges of New York law pertaining to the property. New York, in our view, had jurisdiction over defendants under CPLR 302 (a) (4). Furthermore, plaintiff's causes of action can be viewed as seeking to hold defendants partially liable for a partnership debt arising out of their ownership and receipt of income from the property, which constitutes the transaction of business in New York under CPLR 302 (a) (1). It follows that jurisdiction should be asserted over both defendants.

■ With respect to the denial of the motion for summary judgment, defendants are willing to assume, without conceding, that a trial issue of fact may exist as to whether a partnership was formed between themselves and plaintiff. However, defendants assert that the assumed existence of a partnership arrangement does not demonstrate or indicate their assumption of a preexisting obligation on the bonds, rendering them personally liable for such debt. We agree. Partnership Law § 72 provides:

"3. When any partner retires or dies and the business of the dissolved partnership is continued as set forth in subdivisions

one and two of this section[*], with the consent of the retired partners or the representative of the deceased partner, but without any assignment of his right in partnership property, rights of creditors of the dissolved partnership and of the creditors of the person or partnership continuing the business shall be as if such assignment had been made * * *

"7. The liability of a third person becoming a partner in the partnership continuing the business under this section to the creditors of the dissolved partnership shall be satisfied out of partnership property only."

Although the primary purpose of Partnership Law § 72 is the protection of creditors, it also limits incoming partners' liability to the partnership property unless personal liability is expressly assumed through the partnership agreement or otherwise (see, Partnership Law § 28; *C. E. Hooper, Inc. v Perlberg, Monness, Williams & Sidel,* 72 AD2d 687, *appeal dismissed* 49 NY2d 736). Here, decedent's death dissolved his partnership with plaintiff by operation of law (Partnership Law § 62 [4]). Plaintiff then had the right to possess the property for a partnership purpose, as well as the duty to wind up the affairs of the partnership and to pay to decedent's legal representative decedent's proportionate share in partnership surplus. These events did not occur here, however, since plaintiff continued the partnership business with defendants' consent, albeit, without "consent of the * * * representative of the deceased partner" (Partnership Law § 72 [3]). Having continued to carry on the partnership business after decedent's death, plaintiff must bear all of the losses (*Matter of Saffioti,* 77 Misc 2d 1052, 1053), while Partnership Law § 72 (7) limits defendants' liability to their interest in the Bronx property. As distributees, defendants' only association with the partnership was to receive income from the same. While this fact might evidence the formation of a partnership between plaintiff and defendants, it does not evidence that defendants ever assumed personal liability for preexisting bond debts incurred by decedent (see, *Jemzura v Jemzura,* 36 NY2d 496, 500). Accordingly, summary judgment should have been granted to defendants.

Main, J. P., Weiss, Yesawich, Jr., and Levine, JJ., concur.

Orders reversed, on the law, with costs, summary judgment granted to defendants and complaints dismissed.

[*] Partnership Law § 72 (1) and (2) refer to the continuance of business without liquidation of the partnership affairs.