[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Savings Bank of Rockville (SBR) seeks a deficiency judgment against Vivian Chen, executrix of the estate of James Chen. This matter was presented as a bifurcated hearing with the first issue to be determined being the liability, if any, of the Chen estate.
In order for the plaintiff to prevail it must prove that James Chen has liability for the promissory note in question either as a partner of Soapstone Associates II, or as a guarantor of the promissory note.
The factual background necessary to an understanding of these issues is as follows: On March 29, 1988 Soapstone Associates (Soapstone I) a partnership consisting of T. J. Donahue, George Nicholas and Stephen Goodrich, owned two parcels of land in the town of Somers. On that date Soapstone I, Donahue, Nicholas and Goodrich executed a promissory note to SBR in the amount of $300,000, secured by a mortgage on said property. Chen was neither partner of Soapstone I nor a signatory on the note. He was not involved in the transactions of March 29, 1988. CT Page 5988
On or about September 19, 1989 the partnership known as Soapstone II was formed consisting of Donahue, Nicholas and James Chen. Soapstone I quitclaimed title to the Somers property to Soapstone II. Although technically Soapstone II was a new partnership, it appears that it was a nominal change intended to reflect the substitution of Chen as a partner in place of Goodrich. The assets and obligations of the partnerships were the same with the identity of the partners being the only significant difference.
The Court is of the opinion that General Statutes § 34-55[1] is applicable to these facts, thus Chen cannot be liable for the deficiency. However, even if § 34-55 is not applicable, Chen would still net be liable for the deficiency as a partner of Soapstone II.
As earlier noted, Chen was not a signator on the note or mortgage. On September 19, 1989, SBR modified the note and mortgage by extending the maturity date from April 1, 1989 to April 1, 1990. The modification agreement was signed by a vice president of SBR and by Donahue and Nicholas as partners of Soapstone Associates. Significantly, Chen's name does not appear on the document as a partner. (plaintiff's exhibit A).
Further, the partnership agreement of Soapstone II (defendant's exhibit 1), provides in paragraph 8.08 as follows: "The parties hereto recognize the following as existing obligations of the Partnership to be known as Soapstone Associates II: . . . 2. Savings Bank of Rockville — $300,000.00." There is no language in the agreement to indicate that Chen was assuming personal liability for the debt beyond any partnership interest. There is a distinction between acknowledgement of an obligation and an assumption to pay it. Cassidy v. Bonitatibus, 39 Conn. Sup. 188
(1984); Olean v. Treglia, 190 Conn. 756, 761 (1983). In fact, paragraph 8.08-7 of the Soapstone II partnership agreement contains the following language which clearly indicates that Chen was not assuming the debt in question. "[A]ny other outstanding obligations of the partnership or claims by creditors of this or the predecessor Partnership shall be the responsibility of Donahue and Nicholas and they hereby accept responsibility for same and agree to hold Chen harmless from any responsibilities in connection therewith." Also, in corroboration, the attorney who represented Chen in preparing the partnership agreement testified that Chen did not intend to be personally liable for any prior partnership debt but understood that he could be liable for partnership debts incurred after he became a partner. Given the fact that SBR did CT Page 5989 not require Chen's signature on the promissory note as partner together with the other indicia discussed herein, the Court finds that Chen did not intend to be personally liable for the note beyond any partnership assets. From this evidence the Court concludes that the principles enunciated in Norwalk Twin Towers,Inc. v. Davidson and Naylor, 17 CLT 24, (June 17, 1992, Leheny, J.) and Kalichman v. Beverly Holding Co., 520 N.Y.S.2d 255 (Sup.Ct. App. Div. 1987) apply. Accordingly, Chen's liability is limited to the partnership property.
The plaintiff claims that even if Chen is not personally liable as a partner he is as a guarantor of the note. The Court disagrees.
The matter commenced as a foreclosure action against Soapstone I, Soapstone II, and James Chen in his capacity as partner in Soapstone II. (Other defendants, not germane to this hearing, were also named.)
A judgment of strict foreclosure was entered on October 4, 1993. No one redeemed and SBR took title to the property on November 9, 1993. On December 2, 1993 SBR filed a motion for deficiency judgment against Vivian Chen, executrix of the estate of James Chen, who died in March 1993, with Vivian Chen having been substituted as a defendant in August, 1993.
The bank, recognizing that Chen was not sued as a guarantor, has filed a Motion to Amend its Complaint to allege that Chen was liable as a guarantor on the underlying note. Said Motion to Amend the Complaint was filed on April 29, 1994. The basis of the plaintiff's claim is the following language which appears at the bottom of the Modification Agreement of September 19, 1989, referred to above, and which appears below the signature of Nicholas and Donahue. (Unlike those of Nicholas and Donahue, Chen's signature is unnotarized and unwitnessed). "Undersigned hereby unqualifiedly guarantees the modification and the underlying obligation hereby modified." /s/ James Y. Chen.
The bank now, after judgment, seeks to raise a new theory of liability as to Chen by amending the complaint. In its Motion for Judgment of Strict Foreclosure, SBR recommended that law days be assigned as follows:
1. Soapstone Associates II CT Page 5990
2. Edward F. Lalley, Jr.
3. First National Bank of Boston
4. Tony Genua and Sharon Fales
 5. Terry Nicholas, Executrix of the Estate of George Nicholas
Reversion — The Savings Bank of Rockville.
Chen was not given a law day, and while the question of whether a law day should be provided for a guarantor has not been decided by our appellate courts, there is support for the proposition that guarantors should be afforded treatment equal to their principals. See Caron, Connecticut Foreclosures, § 19.05. That view appears to this Court to be sound, equitable and appropriate, especially in order to apprise the guarantor that the plaintiff may later seek a deficiency judgment against him.
It would be inequitable to permit the complaint to be amended at this late date. See Zuckerman Group v. Ravies, 4 Conn. App. 568
(1985), and even if it were permitted, the plaintiff could not prevail for the reasons stated.
The Court would also note that the sentence which purports to be a guarantee is far from a model of clarity. It does not state that Chen is accepting personal liability for the note. The Court has no idea as to what the phrase "guarantees the modification" might mean and there is sufficient vagueness in that statement to question what was intended by it. There was no evidence as to the circumstances under which it was signed, or when it was signed, or where it was signed. It is axiomatic that any ambiguities in a document should be construed against the maker. In this case the maker is a sophisticated financial institution. There are clear and unequivocal guarantee forms used routinely to guarantee loans, yet the bank did not utilize such a standard guarantee agreement.
Accordingly, the plaintiff cannot obtain a deficiency judgment against the Chen estate under either theory of guarantor or partner of Soapstone II and the Motion for Deficiency Judgment against Vivian Chen, executrix of the estate of James Chen, is denied.