ABRAHAM MELAMED *vs.* EGHIA DONABEDIAN & others.

Suffolk.    January 14, 1921. — March 7, 1921.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & JENNEY, JJ.

*Equity Jurisdiction,* Specific performance.    *Election.*    *Trust,* What constitutes,
Constructive.

At the hearing of a bill in equity against a married man, an administrator and a third defendant, it appeared that the married man and the administrator on a July 28 entered into an agreement in writing to convey to the plaintiff on or before August 15 a good title to certain real estate free from incumbrance except a certain mortgage; that this agreement was recorded in the registry of deeds on August 5; that on August 11 the married man and the administrator agreed to convey and by separate deeds dated August 18 did convey the same property to the third defendant; that, previous to August 18 the third defendant knew of the agreement with the plaintiff; that the wife of the first defendant was in Armenia and could not be reached to sign a release of her dower interest in the property and that the plaintiff did not learn until after the agreement was signed that that defendant had a wife. The third defendant testified that he had believed an assurance of the first defendant that the plaintiff had refused to buy the property. The judge, though stating it to be highly improbable from the evidence that any consideration was given for the conveyance to the third defendant, found no affirmative evidence that the conveyance was without consideration and ruled that, since that conveyance could not be set aside, specific performance of the agreement of July 28 could not be granted. A final decree dismissing the bill was entered and the plaintiff appealed. *Held,* that

(1) It appearing that the third defendant took title with full knowledge of the agreement with the plaintiff, he did so at his own risk and the plaintiff was not precluded from maintaining the bill for specific performance because it was not shown that the deed to the third defendant was without consideration;

(2) Although the first and second defendants were unable to convey a good title free from incumbrance, the plaintiff at his election had a right to a conveyance of all their interest in the property with a proper abatement from the purchase price on account of the outstanding dower interest of the wife of the first defendant;

(3) The plaintiff by presenting his suit and his appeal had elected to take the property;

(4) The third defendant held a title as a constructive trustee for the plaintiff;

(5) The plaintiff was entitled to a conveyance of the property with an abatement from the purchase price on account of the outstanding incumbrance of the dower right of the wife of the first defendant, the value of which was ordered to be determined by the Superior Court or by a master appointed for that purpose.

BILL IN EQUITY, filed in the Superior Court on August 20, 1919, for the specific performance of an agreement to convey real estate.   The defendants were Eghia Donabedian, Mary Arghunian as administratrix of the estate of Hatchadour Arghunian, and Salem G. Alexander.

In the Superior Court the case was heard by *Lawton*, J., the evidence being taken by a commissioner appointed under Equity Rule 35.   The material evidence is described in the opinion.   The judge made the following memorandum of decision and order:

"At the time when the agreement of sale was made between the plaintiff and the first two defendants, Donabedian was asked if he was married or single, and he replied that he was single. He was at that time married, and his wife and four children are still living in Armenia.   On July 30, the second payment called for by the agreement was tendered to Donabedian and he declined it, saying that it might be paid when the papers were to be passed. Precisely when or how it was found out that Donabedian has a wife is not clear, except that it was at least two days before the date fixed for the passing of the agreement.   Donabedian was asked to extend the time within which the papers should be passed, or else to agree to allow $500 to be reserved from the purchase price in the nature of a forfeit if the release of dower by the wife should not, within a specified time, be received.   Donabedian refused both requests.   He testified that Melamed then said that he should not complete the sale and that he, Donabedian, offered to pay back the $50 paid at the signing of the agreement.   Both these statements I disbelieve, and it is agreed that he still retains the $50.   The plaintiff with his wife was at the registry of deeds at the time appointed for the passing of the papers, and waited a reasonable time, but neither Donabedian nor Arghunian appeared.   I am satisfied that the plaintiff has been at all times ready, able and willing to carry out his agreement.

"The agreement for the sale to the defendant Alexander is dated August 11.   Alexander testified that he is an Assyrian, living in Watertown, who has been in this country nine years; has never owned any real estate before; never saw Donabedian or the property until the day of the signing of their agreement; that he relied wholly on one Stephens, an Assyrian, a real estate agent

living in Watertown and having an office in Boston. The latter was not called to testify. Alexander testified that two or three months before, he had given to Stephens $300 with directions to get him a good piece of property; that he (Alexander) accepted the agreement and deed without the release of dower on Stephens' assurance that 'Donabedian is a good man and his wife will not claim anything,' or words to that effect, and that he believed Donabedian's statement to him that Melamed had refused to take the property; that the whole money consideration, $300 down and $1,600 on receiving the deed, was paid in cash; that while he had collected the first month's rent on September 1, giving therefor receipts signed by Donabedian, he had not collected any rent since, but had left the property substantially in Donabedian's hands as janitor and agent. Of course, this story, in its essential feature that there was a cash consideration for the deed, is highly improbable. Nevertheless, I find no affirmative evidence sufficient to justify me in finding that the deed was without consideration and therefore null and void. Since that conveyance can not be set aside, a decree for specific performance can not be ordered against the first two defendants. The plaintiff's remedy, if any, is in his action at law for damages.

"A decree is ordered dismissing the bill without costs."

Later by order of the judge a final decree was entered dismissing the bill without costs; and the plaintiff appealed.

*S. B. Stein,* for the plaintiff.

*J. M. Graham,* for the defendants Donabedian and Arghunian, submitted a brief.

CROSBY, J. The defendants Donabedian and Mary Arghunian, in her capacity as administratrix of the estate of Hatchadour Arghunian, entered into an agreement in writing with the plaintiff dated July 28, 1919, by the terms of which they were to sell and the plaintiff to purchase certain real estate in Chelsea, for $2,400, subject to a first mortgage of $4,500, to be paid as stipulated in the agreement; conveyance of the property was to be made "by a good and sufficient deed . . . conveying a good and clear title to the same free from all incumbrances, except a mortgage for forty five hundred ($4,500) dollars;" and the deed was to be delivered and the consideration paid at the registry of deeds on or before August 15, 1919; the agreement was

duly recorded on August 5, 1919.  No question is raised as to the form of the agreement or that it was not sufficient to satisfy the statute of frauds.  R. L. c. 74, § 1.  G. L. c. 259, § 1.

On August 11, 1919, the defendants Donabedian and Arghunian entered into a contract with the defendant Alexander, in which they agreed to convey to him the same real estate described in the agreement above referred to; and later, by separate deeds dated August 18, 1919, the conveyance was made.  In this contract it is recited that "it is also agreed by the party of the second part, to accept the deed without the signature of the wife of said Eghia Donabedian, who is in Armenia, and who's signature can not be obtained."

The plaintiff by this bill seeks specific performance of the agreement to convey the premises to him.  The trial judge made a finding of facts and order in which he expresses doubt as to there being any cash consideration for the deed to Alexander and states that it is "highly improbable."  He further states: "Nevertheless, I find no affirmative evidence sufficient to justify me in finding that the deed was without consideration and therefore null and void.  Since that conveyance can not be set aside, a decree for specific performance can not be ordered against the first two defendants.  The plaintiff's remedy, if any, is in his action at law for damages."

Since the judge made a finding of facts, the decision of the question presented  on this record does not depend upon the credibility of witnesses but upon the principles of law rightly applicable thereto.  The case is to be determined by us unaffected by the ruling of the judge that the bill cannot be maintained for the reason that he does not find that the deed to Alexander was without consideration.  The finding made by him makes it plain that he was of opinion that the plaintiff was precluded from maintaining the bill only because it was not shown that the deed to Alexander was without consideration.  This in effect was a ruling of law and was erroneous.  As no question is raised as to the right of the plaintiff to maintain the bill as against the defendant Arghunian, it being assumed that she is a proper party thereto, we proceed to determine the issues involved on that assumption.  The record shows that she did not testify at the hearing.  The judge found that the plaintiff was ready, willing and able at all

times to carry out his contract; and that he had no knowledge at the time the agreement was made that Donabedian was a married man, but learned of it afterwards.

Although the two first named defendants were unable to convey a good title free from incumbrances, the plaintiff at his election has a right to a conveyance of all their interest in the property, if he chooses to take it, with a proper abatement from the purchase price on account of his failure to obtain a release of the dower interests of the wife of Donabedian. *Davis* v. *Parker*, 14 Allen, 94. *Adams* v. *Messinger*, 147 Mass. 185, 191. *Tobin* v. *Larkin*, 189 Mass. 389, 392. *Henry* v. *Black*, 210 Penn. St. 245. *Forthman* v. *Deters*, 206 Ill. 159. *Anderson* v. *Anderson*, 251 Ill. 415. Since the plaintiff has elected to take the property, and as the other parties to the agreement are unable to give him "a good and clear title" thereto, he can take such title as they can give with compensation for the deficiency respecting the dower right. *Woodbury* v. *Luddy*, 14 Allen. 1. *Tobin* v. *Larkin, supra. Mansfield* v. *Wiles*, 221 Mass. 75, 84. As the defendant Alexander testified that he was told by Donabedian before he took title that the agreement was recorded, he had actual notice of it. If, as he testified, he was informed by Donabedian that the plaintiff had refused to buy the property, still he purchased it at his peril, and the plaintiff's rights were not thereby affected. The obvious inference from the evidence is that Alexander took title to the premises with full knowledge of the plaintiff's right to purchase it, and with an intent to perpetrate a fraud on the plaintiff, in which the other defendants participated. In these circumstances Alexander holds title as a trustee for the plaintiff, who is entitled to a conveyance of the property, with an abatement from the residue of the purchase price on account of the dower right of the wife of Donabedian, the value of the same to be determined by the Superior Court or by a master appointed by it for that purpose.

It follows that the decree dismissing the bill was wrong, and must be reversed, and a decree entered decreeing specific performance of the contract by the defendant Alexander to the plaintiff upon payment of the balance of the purchase price, less the value of the dower right. The plaintiff is entitled to costs against all the defendants.

*Ordered accordingly.*