HENRY C. BROOKINGS & others *vs.* WILLIAM B. COOPER.

Suffolk.    November 10, 1925. — May 28, 1926.

Present: BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Equity Jurisdiction,* Specific performance. *Contract,* Performance and breach. *Dower.*

If a man professes to be the owner of real estate and undertakes to sell it free from all encumbrances except such as shall be specifically mentioned, and at the time set for conveyance it appears that, while he can convey a part of such title, he is unable fully to perform, he must convey as much as he can, if the purchaser elects to accept such a conveyance, and must submit to an abatement of the price to the extent of the outstanding interest.

The owner of certain real estate made an agreement in writing to sell and convey a good and clear title except for certain specified encumbrances. The contract contained the name of the owner's wife and a clause stating that she joined therein, but she did not sign it. The purchaser accepted the contract without the signature of the owner's wife, the owner stating that his wife would do as he said. The owner's wife refused to convey. In a suit by the purchaser for specific performance, it was *held,* that the knowledge on the part of the purchaser that the owner was a married man and that his wife had an inchoate right of dower in the premises did not prevent the purchaser from insisting upon specific performance with an abatement of the purchase price as compensation in the nature of damages for the deficiency in the title.

The contract above described called for a conveyance subject to certain specific encumbrances. The judge, in computing the value of the inchoate right of dower to be deducted from the purchase price to be paid by the plaintiff, used as a basis the purchase price without the deduction of the value of the stated encumbrances and computed a certain percentage of that gross amount. *Held,* that the method of computation was correct.

BILL IN EQUITY, filed in the Superior Court on June 30, 1924, to require the defendants specifically to perform an agreement in writing to convey to the plaintiffs thirteen parcels of real estate on Dundee Street in Boston.

The suit was heard by *Morton*, J., a stenographer having been appointed under G. L. c. 221, § 85, Equity Rule 35 (1905), to take the evidence. Material facts found by the judge are stated in the opinion. He found and ruled that the plaintiff was "entitled to specific performance with compensation at the rate of fifteen and six tenths per cent of one third of the purchase price to be determined when the adjustments are made at the time of the delivery of the deed;" and by his order a final decree was entered directing conveyance subject to the inchoate right of dower of the defendant's wife, for which conveyance the defendant was required to pay the agreed price less certain deductions, including a sum equivalent to the value of that dower right, "namely, fifteen and six tenths per cent of one third of the purchase price of $97,000 provided in said agreement, to wit, the sum of $5,044." The defendant appealed.

*W. J. Miller*, for the defendant.

*L. S. Nicholson*, for the plaintiff.

PIERCE, J. This is a bill for specific performance of a contract to convey real estate with compensation for the inchoate right of dower of the defendant's wife, who refuses to join in the execution of the deed to the plaintiff.

The agreement of the parties, entered into on May 1, 1924, among other things not material to the decision of the matter in issue, provided as follows: "The Vendor [the defendant] hereby agrees to sell and the Vendee [the plaintiff Henry C. Brookings] to purchase, the following named estates, all situated in Boston, Suffolk County, Massachusetts . . . . Said premises are to be conveyed . . . by a good and sufficient quitclaim deed . . . conveying a good and clear title thereto free from all encumbrances except taxes for the current year and any restrictions now existing, in force and applicable, in common to the block of houses comprising Nos. 15 to 69 Dundee Street, both inclusive; and except mortgages now outstanding . . . . In consideration of the above Fanny

W. Cooper wife of the Vendor hereby agrees to join in the deed to be made as aforesaid, and to release all statutory or other rights and interests in the said premises." The bill charged and it appeared in the evidence, which was taken before a commissioner, that the contract between the vendor and vendee had been duly assigned to the plaintiffs Lamson and Lord as trustees, under an agreement and declaration of trust described in the bill.

The case was heard before a judge of the Superior Court who found rightly on the reported evidence that "The parties entered into the contract, a copy of which is annexed to the bill. No changes were made in said contract after execution as alleged in the answer. The contract contained the name of Fannie Cooper, the wife of the defendant, and a clause stating that she joined therein. She did not sign the contract. The plaintiff accepted it without her signature. The defendant stated to the broker who was acting as the plaintiff's agent at or about the time the contract was executed that his wife would do as he (the defendant) said. She now refuses to sign the deed. The plaintiff is willing to take a deed from the defendant without her signature with such extra compensation as the law may determine."

The defendant is before this court on appeal from the final decree of the Superior Court, which in substance provided for specific performance of the agreement, for a reduction of the purchase price by $5,044 (the value of the dower right of the defendant's wife as of June 30, 1924, the date specified in the agreement for the passing of title), and that the conveyance be made to Fred M. Lamson and Charles E. Lord, trustees as aforesaid and assignees of the plaintiff Brookings. The usual rule is that if a man professes to be the owner of real estate and undertakes to sell it free from all encumbrances except such as shall be specifically mentioned, and it turns out he has no power to do so, he must convey as much as he can if the purchaser elects to accept the conveyance and submit to an abatement of the price to the extent of the outstanding interest. *Park* v. *Johnson,* 4 Allen, 259. *Woodbury* v. *Luddy,* 14 Allen, 1. *Davis* v. *Parker,* 14 Allen, 94. *Cashman* v. *Bean,* 226 Mass. 198. *Melamed*

v. *Donabedian*, 238 Mass. 133. The question presented on the appeal is, does the knowledge of a purchaser of real estate that the seller is a married man and that his wife has an inchoate right of dower in the premises contracted to be sold which she cannot be compelled to release, prevent the purchaser from receiving specific performance with an abatement of the purchase price he would be entitled to receive if he had entered into the contract in ignorance that the seller was married.

There is much diversity in the courts upon this question: the refusal of the court to permit an abatement in some cases being put upon the ground that an abatement would tempt the husband to coerce his wife to alien her dower rights; others upon the supposed difficulty in ascertaining the value of the contingent right of dower secured to her by law, *Riesz's Appeal*, 73 Penn. St. 485, *Kuratli v. Jackson*, 60 Ore. 203; Ann. Cas. 1914 A, 203 note, *Aiple-Hemmelmann Real Estate Co. v. Spelbrink*, 211 Mo. 671, where cases are collected; others to the effect that specific performance will not be decreed if the vendee had knowledge that the vendor was married, *Lucas v. Scott*, 41 Ohio St. 636, 641, *Peoples' Savings Bank Co. v. Parisette*, 68 Ohio St. 450, *Fortune v. Watkins*, 94 N. C. 304, 315, Waterman, Spec. Per. § 511, Pomeroy, Spec. Per. § 461; and still others upon the reason that a new contract is thereby made, which perhaps in the first instance neither party would have agreed to. *Kuratli v. Jackson, supra.* See *Belisle v. Barry*, 253 Mass. 475. In modern conditions we do not think such an inequitable and pernicious result reasonably can be expected to follow a decree for specific performance with an abatement in the purchase price, as compensation in the nature of damages for the deficiency. *Woodbury v. Luddy, supra. Davis v. Parker*, 14 Allen, 94, 105. *Bostwick v. Beach*, 103 N. Y. 414. *Maas v. Frederick Morgenthaler & Consumers' Brewing Co. of Brooklyn*, 136 App. Div. (N. Y.) 359.

Assuming the plaintiffs are entitled to compensation, the defendant contends that the trial judge erred in computing the amount, namely, fifteen and six tenths per cent of one third of the purchase price of $97,000 as $5,044; and further

contends that the plaintiffs are entitled to damages based only on the value of the equity, and therefore are entitled only to fifteen and six tenths per cent of one third of the purchase price after the outstanding mortgages are deducted. The compensation decreed was based upon the gross value of the dower right, while the defendant contends that it should be based upon the value of the estate after deducting the money which the wife or the heirs might pay in redemption.   G. L. c. 189, § 4.   We are of opinion the method of computation used by the actuary and adopted by the court is supported by *Woodbury* v. *Luddy, supra,* and *Davis* v. *Parker, supra.*   "The amount to be deducted is the value of the wife's right at the time of the conveyance, and not the difference between the market value of the whole land with her release, and the value without it.   The rule should be the same as if the conveyance had been made with a warranty against the right of dower, and the existence of the right had afterwards been discovered and an action had been brought to recover damages for a breach of the covenant."   *Davis* v. *Parker, supra,* at page 104.   *Bostwick* v. *Beach,* 103 N. Y. 414, 422.

<div align="right">

*Decree affirmed with costs.*