PHILIAS J. GAGNER ET AL. *vs.* ANTHONY PETRAUSKAS.

First Judicial District, Hartford, October Term, 1930.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 14th—decided November 7th, 1930.

*John T. Robinson,* for the appellants (plaintiffs).

*Josiah H. Peck* and *Frederick B. Hungerford,* for the appellee (defendant).

MALTBIE, J. The plaintiffs, in an exchange of properties, acquired certain land on Park Street in New Britain which was subject to two mortgages and in the deed to them they assumed and agreed to pay them. The complaint as amended alleges that subsequently the owner of one of the mortgages brought foreclosure proceedings, the property was sold, and the plaintiffs became liable to a deficiency judgment, which they were compelled to pay. The cause of action against the defendant is based upon an allegation that the plaintiffs had conveyed the premises to him by a warranty deed in which he had assumed and agreed to pay the mortgage.

The defendant, a real-estate broker, negotiated the exchange of the properties between the plaintiffs and a third party. The plaintiffs were willing to make the

exchange only if they would not be obliged to keep the property they received. Accordingly the defendant promised them that he would either promptly find a purchaser for it or take it himself. They wanted an assurance in writing that they would not have to keep the property and accordingly an attorney, Lawrence J. Golon, who acted as draftsman and attorney for all the parties, drew a contract which the plaintiffs and the defendant signed. This stated an agreement by the defendant to purchase the property at a price of $19,000 immediately after the transaction by which the plaintiffs acquired it. The exchange was then made, the plaintiffs assuming the mortgages on the property they received, one for $11,150 and the other for $7000. The exchange was made at Mr. Golon's office, and acting for both parties he drew the necessary instruments. The plaintiffs and the defendant then figured the account between them on the assumption that he would take the property, the amount of the mortgages was deducted from the price of $19,000, he was credited with a commission on the transaction and the result was that a balance of $22.56 was found due to him. He was given a check for that sum which he cashed the next day. After the exchange was made, the defendant instructed Mr. Golon to draw a deed of the property to him and Mr. Golon did draw one, which stated that the defendant assumed and agreed to pay the mortgages. The plaintiffs executed it, but not in the defendant's presence. The deed was left on Mr. Golon's desk for delivery to and acceptance by the defendant, who was not then in the office; later the deed was submitted to him but upon reading it he refused to accept it and instructed Mr. Golon not to put it upon record, stating that he would have some one else take the property. The defendant did not return the deed to the plaintiffs nor instruct Mr. Golon

to do so, but it remained in the latter's hands or under his control, until the time of trial. The failure to return it was due to neglect and lax business methods. About three weeks later the defendant found a purchaser for the property, informed the plaintiffs, and requested them to go to Mr. Golon's office and execute a deed to him. This they did, the deed containing a provision that the purchaser assumed and agreed to pay the mortgages. This deed the purchaser accepted and caused to be recorded. He paid Mr. Golon certain moneys which represented as he understood it the purchase price above the mortgages. At no time did the plaintiffs take possession of the property or receive any rents or income from it.

In the above statement of facts we have used a paragraph of the draft-finding which the plaintiffs ask to have added because it states facts admittedly undisputed and seems to us to make the situation somewhat clearer. The other corrections sought are either immaterial or are not supported by the record and only one requires consideration. That is the statement that the deed from the plaintiffs to the defendant was left on Mr. Golon's desk "for delivery to and acceptance of the defendant." We think the trial court might have reasonably inferred this from the evidence quoted in the record and the other circumstances of the case. But in any event, it is not of importance, because, whatever the plaintiffs' intent in leaving the deed on the desk, it never became effective to bind the defendant unless it was accepted by him. *Wiley* v. *London & Lancashire Fire Ins. Co.*, 89 Conn. 35, 38, 92 Atl. 678.

The plaintiffs complain of the ruling of the trial court in admitting testimony of the defendant as to the oral understanding he had with the plaintiffs prior to the making of the written contract, on the ground

that this was a violation of the parol evidence rule. The finding that the defendant promised either to find a purchaser of the property or take it himself and that the written contract was made because of their desire for assurance that they would not have to keep the property makes it obvious that the writing was not intended to embody the entire agreement of the parties but was merely for the purpose of assuring them that the promise would be performed in at least one of its aspects. Oral proof of the underlying agreement was clearly admissible. *Cohn* v. *Dunn,* 111 Conn. 342, 346, 149 Atl. 851.

The defendant expressly refused acceptance of the deed as soon as it came into his hands. He can therefore be liable upon the assumption of the mortgages stated in it only if Mr. Golon had authority to accept it for him or acceptance is to be implied from his conduct. As far as Mr. Golon's authority to accept is concerned, it must be remembered that he was acting as attorney, not for the defendant alone, but for both parties. The only instructions given him by the defendant were to draw a deed of the property, without any designation of the terms which it should contain, and certainly this could not be construed as authority to him to accept any deed no matter what the terms were which he might see fit to insert. Indeed, the very vagueness of the instruction implies that whatever deed he drew was to be submitted to the defendant for his own examination and acceptance. It is significant that the agreement of purchase signed by the defendant contained no provision that he would assume the mortgages, but if effective at all it was an agreement for a cash purchase. It is true that, after the plaintiffs acquired title to the property a settlement was made between them and the defendant upon the assumption that he would take it over, in which

the amount of mortgages was deducted from the purchase price in arriving at the amount due him. But, whatever the law elsewhere, in this jurisdiction it is settled that such a deduction from the purchase price of property does not as matter of law impose an obligation upon the purchaser to discharge the mortgages upon it, though it may be evidence of, and under the circumstances of a particular case give rise to an inference of, such an undertaking. *Post* v. *Tradesmen's Bank,* 28 Conn. 420, 431; *Raffel* v. *Clark,* 87 Conn. 567, 571, 89 Atl. 184; *Haskins* v. *Young,* 89 Conn. 66, 69, 92 Atl. 877. In the instant case any such inference is pretty thoroughly rebutted by the conduct of the parties, that of the defendant in refusing the deed as soon as he knew its terms and that of the plaintiffs in later themselves conveying the property to another purchaser secured by him. No authority in Mr. Golon to accept a deed for the defendant which contained an assumption of the mortgages can be based upon any previous agreement on his part to assume them. The trial court has not found nor has it, so far as the record shows, been asked to find that Mr. Golon had authority to accept the deed for the defendant, and under the circumstances of the case we cannot say that he had such authority as matter of law. *Wiley* v. *London & Lancashire Fire Ins. Co.,* 89 Conn. 35, 92 Atl. 678, so far as it is cited by the plaintiffs upon this issue, is not in point. The court was there dealing with the sufficiency, as a delivery, of the leaving of a deed for record with a scrivener who was acting for both parties, and not with its acceptance, which was found in the assent of the grantee to the plan of which that delivery formed a part. Here the question is not as to the sufficiency of the delivery of the deed but as to its acceptance by the defendant.

As regards the conduct of the defendant after the

tender of the deed to him, two matters are pointed out as indicating an acceptance of it. One of these is the cashing of the check given him on the settlement with the plaintiffs. The finding does not show that this check was cashed after he had examined and refused the deed. If it did, his act in so doing would be very far from conclusive. He had under his agreement with the plaintiffs the option of securing another purchaser, and if he did so, he would be entitled to his commission for negotiating the exchange, evidently a much larger amount than that represented by the check. Under these circumstances it cannot be said as matter of law that he must return the check under penalty of being deemed to have accepted the deed. The other matter relied upon is the failure to return the deed to the plaintiffs after the defendant had refused it. It was left with Mr. Golon and the circumstance loses significance in view of the fact that he was attorney for the plaintiffs as well as for the defendant, so that his continued possession of it was their possession. *Wiley* v. *London & Lancashire Fire Ins. Co., supra,* p. 40. Moreover, in view of the subsequent conduct of the plaintiffs in conveying the property to a customer procured by the defendant, they are in no position to maintain that he accepted their deed to him. The conclusion of the trial court that the defendant did not accept the deed must stand.

If by any stretching of the complaint, a cause of action upon an agreement to assume the mortgages apart from the terms of the deed could be included, what we have said shows that we could not find error in the refusal of the trial court to find that there was any such agreement.

There is no error.

In this opinion the other judges concurred.