HAROLD S. PARKHURST vs. RUTH M. MAYNARD & others.

Suffolk.    November 9, 1933. — December 29, 1933.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Contract*, Construction, Performance and breach, For sale of real estate, Option. *Equity Jurisdiction*, Specific performance. *Equity Pleading and Practice*, Parties. *Attachment*, Discharge. *Bona Fide Purchaser. Notice. Deed*, Interest conveyed.

An owner of land gave an option to purchase it for a specified price, "subject to my being able without cost to me, to furnish a clear title." The option was not recorded. Previous to the giving of it, the landowner's wife had made an attachment of the land in proceedings against him for separate maintenance. After the giving of it and at a time when he was in arrears in payments which he had been ordered to make in such proceedings, he conveyed the land to his wife's attorney in satisfaction of a portion of the arrears, the wife and her attorney then knowing of the rights given in the option and the deed not containing a release of dower by the wife. The attorney thereafter conveyed it to a straw for the wife. The straw gave a mortgage back as a "straw transaction" and conveyed to a second straw for the wife. The conveyances by the attorney and the first straw were without consideration. Subsequently, within the time specified in the option and after other attachments of the land had been made by banks, the holder of the option tendered the full purchase price to the second straw, offered to take whatever title the straw had and demanded a deed of the land; and, upon refusal of his tender and demand, commenced a suit in equity for specific performance of the option against the wife, her attorney and the second straw. A final decree was entered ordering a conveyance to the plaintiff subject to the wife's dower interest and the banks' attachments, and "free of" the wife's attachment and the mortgage given by the first straw. Upon appeal by the wife, it was *held*, that

(1) The knowledge of the plaintiff's rights which the wife and her attorney had was chargeable to the other grantees of the land, who were merely her representatives; and none of the defendants could be considered a *bona fide* purchaser;

(2) It was not necessary to the maintenance of the suit that tender be made to the one who gave the option or that he be joined as a party, because, by reason of his conveyance of the land, he had rendered himself incapable of carrying out the option and he thereafter had no interest in the subject matter of the suit;

(3) In the circumstances, the provision in the option, that it was "subject to . . . [the landowner's] being able without cost to me, to furnish a clear title," did not entitle the defendants to repudiate

the option, the plaintiff having tendered the full purchase price and having offered to take whatever title the second straw had;

(4) The plaintiff was entitled to specific performance of the option;

(5) The conveyance by the landowner to a representative of the wife in part satisfaction of the sum due to her from him resulted in an equitable discharge and extinguishment of her attachment;

(6) The three deeds of the land conveyed only the title which the landowner had, and were therefore subject to the wife's dower interest;

(7) The decree was proper.

BILL IN EQUITY, filed in the Superior Court on May 27, 1932, and afterwards amended, described in the opinion.

The suit was referred to a master. The attachment by Maud A. Doane was made in 1926 at the commencement of the proceedings by her for separate support. The deed from George B. Doane to Packer contained no release of dower rights by Maud A. Doane. The lease from George B. Doane to the plaintiff was for a term of three years from July 26, 1929. Other material facts found by the master, and a final decree entered by order of *Weed*, J., are described in the opinion. The defendant Maud A. Doane appealed.

*W. E. Bennett*, for the defendant Doane.

*J. A. Boyer*, (*G. W. Grover* with him,) for the plaintiff.

CROSBY, J. This case arises out of a bill in equity brought for specific performance of an accepted option to purchase certain land. The case was heard by a master who found certain facts. It is before this court on an appeal by the defendant Maud A. Doane from a final decree entered in the Superior Court.

It appears from the findings that in July, 1929, one George B. Doane, husband of the defendant Maud A. Doane, executed and delivered to the plaintiff the following option to purchase a certain parcel of land: "July 26, 1929  Mr. H. S. Parkhurst  Onset, Massachusetts  Dear Sir: — In consideration of the sum of fifty dollars ($50.00) to me paid, receipt of which is hereby acknowledged, I hereby agree to sell to you for the sum of one thousand five hundred dollars ($1500) a certain parcel of land, described as Parcels two, three and four in a deed given me by Laura M. Phillips. Said Parcel being located in the town of Wareham in that part known as Onset and bounded by Nanumet, Greene and Beach Streets

and by the sea and land of parties unknown. This agreement to sell, however, is subject to my being able without cost to me, to furnish a clear title and to hold good for the term of the lease given by me to you dated July 26, 1929. The fifty dollars above mentioned is to be considered a part of the purchase price at the time of passing papers. (Signed) George Doane." When this option was given to the plaintiff he held two concurrent leases from Doane of the land covered by the option which he used in connection with his business as a boat builder, and at various times during the terms of the leases and option he placed substantial boat sheds, marine railways and other structures upon the leased land.

In December, 1931, George B. Doane conveyed the land described in the option to the defendant Packer who acted as counsel for Mrs. Doane, both of whom had knowledge of the plaintiff's rights under the option. On May 4, 1932, Mr. Packer conveyed the premises in question by quitclaim deed to one Jenney, a friend of Mrs. Doane, "who was merely a straw." Jenney gave a mortgage back "which was also a straw transaction." On May 6, 1932, Jenney conveyed the land to the defendant Ruth M. Maynard who was still another "straw" or nominee for Mrs. Doane. The master found that "in all his dealings with the property, Mr. Packer was acting as counsel for Mrs. Doane either with her complete knowledge and consent or entirely within the scope of his employment as such counsel." The master found that on May 26, 1932, the plaintiff tendered to the defendant Maynard the sum of $1,450, that being the balance of the purchase price named in the option, demanded a deed of the premises, and offered to take such title as she had. She declined to accept the tender or to give the deed, claimed ownership of the property, and ordered the plaintiff to vacate the premises. At the time this bill in equity was filed two attachments of real estate in Plymouth County owned by said George B. Doane had been made by banks who were not parties to this suit.

On November 11, 1926, Mrs. Doane brought a proceeding against her husband for separate maintenance in the Probate Court in Norfolk County, and a decree was entered in her

favor providing for periodic payments; Doane having defaulted in these payments proceedings for contempt to enforce payment were instituted. Thereafter Doane, through his counsel, offered to give a deed of the land in question to Parkhurst for $1,500 provided Mrs. Doane would release her dower interest, and she was to receive the entire proceeds of such sale to apply on the arrears of maintenance. She refused to execute such a release. Doane was then induced to give to Mrs. Doane, or to any one she might name, a deed of the land described in the option, and it was conveyed to the defendant Mr. Packer, her nominee, in satisfaction of $1,500 of her husband's liability to her under the decree in the proceeding where the settlement was made. It was determined that this credit would satisfy Doane's obligations up to a certain period. The conveyance to Mr. Packer as attorney for Mrs. Doane was made under circumstances charging him with full knowledge of the plaintiff's option. The master found that all the conveyances subsequent to the deed to Mr. Packer were merely from one nominee of Mrs. Doane to another, and that they were without consideration. Thereafter a final decree was entered in favor of the plaintiff from which the defendant Maud A. Doane appealed.

We are of opinion that upon the facts found the plaintiff, as the holder of the unrecorded option to buy the land in question, is entitled to specific performance thereof by one who has acquired the property from the giver of the option of purchase. It was said by Braley, J., in *Ratshesky* v. *Piscopo*, 239 Mass. 180, at page 184, "The general law . . . is that, where a purchaser before payment and taking title has knowledge of any fact sufficient to put him upon inquiry whether there may not be some outstanding right in conflict with the title he is about to acquire, he cannot be considered a *bona fide* purchaser even if he thereafter pays value for the property." See also *Pingree* v. *Coffin*, 12 Gray, 288, 307; *Connihan* v. *Thompson*, 111 Mass. 270; *Young* v. *Walker*, 224 Mass. 491; *Melamed* v. *Donabedian*, 238 Mass. 133; *Baker* v. *James*, 280 Mass. 43, 47; *International Paper Co.* v. *Priscilla Co.* 281 Mass. 22, 30. No tender was necessary to be made to George B. Doane as he

had conveyed the property to Mr. Packer and made it impossible for him to make conveyance to the plaintiff. He is not joined as a party in this suit as no relief is sought against him and he has no interest in the subject matter. The findings of the master charging Packer as attorney for Mrs. Doane, and Mrs. Doane personally, with notice and knowledge of the option given by Doane to the plaintiff plainly charged both of them with notice of the plaintiff's rights under the option. It was also notice to all the other defendants who were mere representatives of Mrs. Doane.

The provision in the option that "This agreement to sell, however, is subject to my being able without cost to me, to furnish a clear title . . ." cannot be held to be a ground for repudiating the agreement to sell where as here the plaintiff is ready and willing to take such title as Maynard has, and pay the full purchase price. *Cashman* v. *Bean*, 226 Mass. 198. *Melamed* v. *Donabedian*, 238 Mass. 133, 137. *Brookings* v. *Cooper*, 256 Mass. 121, 123. It was said in *Dennett* v. *Norwood Housing Association, Inc.* 241 Mass. 516, at page 521, which is cited and relied on by the plaintiff: "If the plaintiff, however, who is not the vendor but the purchaser, was satisfied with such title as the defendant can give, it is bound to convey," and that the purchaser "voluntarily could have accepted a conveyance of whatever title the defendant had, with or without abatement of compensation" and that "If the incumbrance could be removed by a money payment, the defendant became bound to make it." The case at bar is plainly distinguishable from *Old Colony Trust Co.* v. *Chauncey*, 214 Mass. 271, which was a bill brought for the specific performance of a written agreement to convey real estate, and provided that "if the vendor shall be unable to give title or to make conveyance as above stipulated, any payment made under this agreement shall be refunded and all other obligations of either party hereunto shall cease and this agreement shall be void without recourse to either party . . . ." In that case it was said at page 274: "When parties have provided definitely for the determination of their rights upon the happening of a given contingency, there is no reason why

their agreement should not be enforced." In the case at bar the tender by the plaintiff of $1,450 (the balance of the purchase price), and a demand for such title as the defendant Maynard had, constituted a waiver of any defects in the title. The plaintiff upon the facts found could waive any such defects. *Downey* v. *Levenson,* 247 Mass. 358, 364. After the hearing the plaintiff expressly waived any claim to a deduction from the agreed price set forth in the option of the value of Mrs. Doane's dower interest, and also his claim alleged in the bill in the alternative of a right to remove the structures which, as lessee, he had erected on the demised premises.

The conveyance of the property described in the option by Doane to Mr. Packer, the nominee of Mrs. Doane, in part payment of Doane's liability under the decree of separate maintenance resulted in an equitable discharge and extinguishment of her attachment upon the property, and the ruling to that effect was correct. The trial judge rightly found and ruled that the deeds in question transferred only such legal title as Doane had power to convey, and that such conveyances were subject to the dower interest of Mrs. Doane. In view of his finding that Doane's inability on May 26, 1932, and thereafter without cost to him to furnish a clear title to the plaintiff was not without fault on his part, he ruled "as matter of law that the plaintiff may elect to accept a conveyance of such legal title to the property as George B. Doane's grantee and those claiming under him with notice acquired, namely, the legal title thereto subject to Mrs. Doane's outstanding dower interest and to the banks' attachments mentioned by the master, upon payment of the balance of the agreed price, namely, $1,450, such conveyance to be free of Mrs. Doane's attachment . . . and of the mortgage given Packer by Jenney more particularly described in the master's report." It is plain that upon the facts found by the master the findings and rulings of the trial judge were warranted. As a final decree was entered in favor of the plaintiff in conformity with the findings and rulings, the entry must be

*Decree affirmed with costs.*