RUSSELL BARRETT *vs.* GILBERT D. CARNEY & another.

Suffolk.    April 7, 1958. — May 5, 1958.

Present: WILKINS, C.J., RONAN, SPALDING, WHITTEMORE, & CUTTER, JJ.

*Contract,* For sale of real estate. *Equity Jurisdiction,* Specific performance.

Under a contract for sale and purchase of land providing for a conveyance of title free of all encumbrances and that if the seller should be unable to make such a conveyance the obligations of the parties under the contract should cease, the seller was under no obligation to remove the lien of a betterment assessment outstanding as an encumbrance on the land at the time of the making of the contract, and the provision therein for cessation of obligations became operative and a suit for specific performance brought by the buyer must be dismissed.

BILL IN EQUITY, filed in the Superior Court on March 20, 1957.

The suit was heard by *Goldberg,* J.

*John R. Carney, Jr.,* (*James H. Dixon* with him,) for the plaintiff.

*Walter Powers, Jr.,* for the defendants.

CUTTER, J.   The plaintiff on February 1, 1957, made an oral agreement to purchase certain land of the defendants on

Mossdale Road in West Roxbury.  On February 6, a written purchase and sale agreement was executed.

This agreement provided that the land was to be "conveyed together with the right to use Mossdale Road . . . for all purposes for which public streets are . . . or may . . . be commonly used in . . . Boston . . . provided, however, that the Grantor . . . may take such actions as may be necessary to cause said Mossdale Road to become a public way . . . ."  The agreement further provided that if the defendants "shall be unable to give title or to make conveyance as above stipulated, any payments made under this agreement shall be refunded, and all other obligations of either party . . . shall cease."  The premises were to be conveyed subject to 1957 taxes and applicable zoning laws "on or before March 1, 1957 by a . . . quitclaim deed . . . conveying a good and clear title to the same, free from all incumbrances."  Neither the plaintiff nor the defendants knew that the city of Boston on October 15, 1956, had made a street betterment assessment on the land.  This had been recorded, although no bills had been sent out by the city.

The plaintiff, who owned other land in the neighborhood, brought this bill for specific performance.  The defendants filed a counterclaim alleging injury to the land by the plaintiff.

The trial judge (a) found the material facts indicated above; (b) found that there was a mutual mistake of fact about the existence of the betterment assessment; (c) ruled that the plaintiff was not entitled to specific performance and that the parties were entitled to rescission of the agreement; and (d) found that the defendants were not entitled to any damages by way of counterclaim.  A final decree was entered denying specific performance and ordering rescission. The plaintiff has appealed.  The evidence is not reported.

1. The betterment assessment as a lien was an encumbrance.  See G. L. c. 80, § 12 (as amended through St. 1955, c. 194); *Blackie* v. *Hudson,* 117 Mass. 181, 183–184; *Engel* v. *Thompson,* 336 Mass. 529, 530–531;[1] Swaim, Crock-

[1] See 43 Mass. L. Q. (No. 1) 23.

er's Notes on Common Forms (7th ed.) §§ 839, 851–852. Although the defendants could have removed the lien by paying the betterment assessment, the agreement contained no provision requiring the defendants to remove or to use reasonable efforts (compare *Widebeck* v. *Sullivan,* 327 Mass. 429, 433) to remove any defect in title. In the absence of such a provision, or of fault on the part of the vendors (see *Fisher* v. *Sneierson,* 330 Mass. 48, 50), the defendants were under no obligation to remove the lien as a defect in title and, accordingly, the provision for cessation of obligations and refund of the deposit became operative. *Old Colony Trust Co.* v. *Chauncey,* 214 Mass. 271, 273. *Flier* v. *Rubin,* 321 Mass. 464, 466–467. See *Sorota* v. *Baskin,* 334 Mass. 123, 125–126. Under the provisions of this agreement, specific performance could not be compelled, even if the plaintiff were willing (which his counsel stated at the argument he was not) to pay the full purchase price without any deduction for the lien. "The defendants therefore have a right to be entirely excused from performance if they can prove [as they have here] a defect in the title existing before the contract was made which prevents them from conveying a good and clear title free from all encumbrances as agreed." See *Flier* v. *Rubin,* 321 Mass. 464, 466–467.

2. The provision of the contract, already quoted, with respect to Mossdale Road afforded some basis for the conclusion that the parties made their agreement in the mutually mistaken belief that Mossdale Road was a private way, and that no public taking of rights in it had been made. In view, however, of our conclusion that the defendants were excused from performance under the agreement itself, there is no occasion for considering whether there was such mutual mistake of fact as would justify the rescission of the agreement.

3. The decree in form must be revised and, therefore, is reversed. A new decree is to be entered dismissing the bill and the defendants' counterclaim. The defendants are to have costs of this appeal.

*So ordered.*