*Municipal Court of the
City of Boston*

No. 161903

**BUTANE PRODUCTS CORPORATION**

**v.**

**EMPIRE ADVERTISING SERVICE, INC.**

Argued: Nov. 10, 1967    Decided: Nov. 14, 1967

*Present:* Adlow C. J., Shamon, Gorrasi, J. J.

Tried to *Lewiton, J.* in the Municipal Court of the City of Boston.     No. 161903

*Adlow, C. J.* Action of contract to recover a balance of $318.63 for goods sold and delivered. The defendant's answer sounded in recoupment.

*At the trial there was evidence that* between November of 1964 and March of 1965 the defendant ordered from the plaintiff a quantity of butane lighters. The exact charge for the original shipment does not appear clear from the record. It does appear, however, that the plaintiff in this action sought to recover a balance due of $318.63. To sustain its answer in recoupment the defendant offered evidence that many of the butane lighterss for which the plaintiff seeks to recover the purchase price were defective; that some were sent back to the plaintiff for repairs; that not all that were so sent back were repaired or returned to the defendant; and, further, that as a result of the defective condition of the merchandise, the defendant was obliged to give a credit in the amount of $317.50 to the customer who purchased the lighters from it. In

addition the defendant claims that it had lost a valuable customer by reason of the failure of the plaintiff to ship merchantable lighters.

Aside from this there was evidence that was disputed, to the effect that the lighters which the plaintiff had undertaken to ship directly to the defendant's customer were late in arriving, although the customer did accept them when they did arrive. There was also evidence that after they had arrived the same customer had requested a further shipment of lighters which were sent to him.

On these facts the fourt found for the plaintiff in the amount of $200, and being aggrieved by the refusal of the court to rule at the request of the defendant that "the evidence is insufficient to warrant a finding for the plaintiff", the defendant brings this report.

There is no merit to this report. The court properly granted the defendant's request for a ruling that the defendant is entitled to deduct its damages resulting from the plaintiff's breach of warranty and by reason of the late delivery from any balance of the price still due the plaintiff. G.L. c. 106, § 2-717. Guided by this ruling the court allowed in recoupment a deduction of $118.63. Just how the court arrived at this amount is not clear from the record.

However, we must keep in mind that, having accepted the merchandise, the burden was on the buyer to establish the breach with

respect to the goods accepted. G.L. c. 106, §
2-607 (3) and (4), and there was a further
burden on the defendant with respect to his
claim for loss of goodwill of his customer to
establish just what this loss was worth in
money damages.

The allowance made by the defendant to
his customer in and of itself is not binding on
the plaintiff. It was strictly *res inter alios*
and of no effect.

The general finding by the court for the
plaintiff in an amount less than that claimed
recognized the defendant's right to recoup to
a certain extent, and impliedly indicates that
the court found that the plaintiff had not per-
formed to the full extent of his original under-
taking. However, if was for the court to de-
termine on the basis of the evidence the ex-
tent to which the defendant was entitled to be
credited for the plaintiff's failure. The gen-
eral finding of the court imports the drawing
of all rational inferences of which the case is
susceptible and the finding of all necessary
subsidiary facts. *Moss* v. *Old Colony Trust
Co.*, 246 Mass. 139, 143. *N.Y. Central RR* v.
*Marinucci Bros., & Company*, 337 Mass. 467,
471.

**Report dismissed.**

Sumner M. Lieberman
    of Boston, for the Plaintiff.
Samuel Shostek
    of Boston for the Defendant.