STEPHEN P. CASSIDY, JR. *v.*
PETER BONITATIBUS ET AL.
(3121)

HULL, BORDEN and SPALLONE, Js.

Argued June 6—decision released September 17, 1985

*Thomas L. Kanasky, Jr.,* for the appellant (plaintiff).
*Roy W. Moss,* for the appellees (defendants).

SPALLONE, J. The plaintiff is appealing from a judgment rendered for the defendants in an action for damages resulting from the defendants' alleged assumption of a mortgage.

The parties entered into a written agreement wherein the defendants agreed to buy certain real estate from the plaintiff for a total purchase price of $38,000. The agreement provided for a mortgage contingency of $28,000. Prior to the closing, the defendants informed the plaintiff that they could not obtain the desired financing, and further negotiations ensued. At the closing, the plaintiff delivered to the defendants a warranty deed which provided that the defendants would take the property "[s]ubject to . . . a prior mortgage as of record appears." The deed did not contain express language obligating the defendants to become personally liable on this mortgage, which was in the amount of $23,022.17 and held by City Savings Bank (City Savings). The closing statement prepared by the attorney who represented both parties did, however, bear the notation "Assumption of Seller's City Savings Bank Mortgage" next to the entry of $23,022.17.

During the period in which the defendants owned the property, they made payments pursuant to the terms of the first mortgage. The defendants eventually sold the property to a third party who agreed to hold them harmless from any personal liability based on the plaintiff's mortgage note to City Savings. Subsequent to this sale, the property, which was uninsured, was destroyed

by fire. The buyer of the property defaulted on the mortgage, and City Savings commenced an action against the plaintiff to recover the balance due on the mortgage note. The plaintiff then brought this action against the defendants alleging, among other things, that they had assumed the mortgage. The trial court rendered judgment for the defendants, finding that the plaintiff failed to prove by clear and convincing evidence that the defendants agreed to assume the first mortgage.

The finding of the trial court with respect to the contracting parties' intent regarding the scope of their contractual commitment is, like any other finding of fact, subject to only a limited review on appeal. *Lavigne* v. *Lavigne,* 3 Conn. App. 423, 428, 488 A.2d 1290 (1985). The role of an appellate court is limited to determining whether the decision of the trier of fact was clearly erroneous in light of the evidence and the pleadings in the whole record. *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980); see Practice Book § 3060D. Under this limited scope of review, we conclude that the evidence presented in this case was sufficient to support the trial court's decision.

Unless the grantee has agreed to assume an existing mortgage debt, the mere taking of title to the mortgaged property imposes no personal liability on the grantee to satisfy the debt, and the obligation to pay remains that of the mortgagor alone. *Lenox Realty Co.* v. *Hackett,* 122 Conn. 143, 147, 187 A. 895 (1936); *Valente* v. *Costantino,* 116 Conn. 386, 388, 165 A. 210 (1933); see *Olean* v. *Treglia,* 190 Conn. 756, 761, 463 A.2d 242 (1983). "An agreement, to constitute a contract of assumption of a mortgage debt by a grantee of the mortgaged premises, must clearly import that the grantee in fact assumes the payment of the debt."

55 Am. Jur. 2d, Mortgages § 1047; see, e.g., *Gagner* v. *Petrauskas,* 112 Conn. 307, 311–12, 152 A. 145 (1930).

Where, as here, parol evidence is offered to establish an assumption of a mortgage debt by the grantee, the obligation of the grantee to assume and pay the mortgaged debt must be established by evidence which is clear and convincing. 59 C.J.S., Mortgages § 412 (b). There must be a clear showing of mutual assent before liability for a preexisting mortgage debt may be imposed upon a grantee of the mortgaged premises. See, e.g., *Gagner* v. *Petrauskas,* supra, 312; *Haskins* v. *Young,* 89 Conn. 66, 73, 92 A. 877 (1915); *Raffel* v. *Clark,* 87 Conn. 567, 571–72, 89 A. 184 (1913). A statement in a deed that it is made "subject to" a specified mortgage does not fulfill the requirement of mutual assent, because such a stipulation does not with sufficient clarity establish an intention by the parties to create such a liability in the grantee. 55 Am. Jur. 2d, Mortgages § 1048; see *Lenox Realty Co.* v. *Hackett,* supra.

The determination made by the trial court that the defendants never agreed to assume personal liability for the plaintiff's mortgage cannot be said to be clearly erroneous. Having so concluded, we need not address the plaintiff's claim that the trial court erred in ruling that an agreement to assume a mortgage had to be in writing to satisfy General Statutes § 52-550 (a) (2).

There is no error.

In this opinion the other judges concurred.