[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOCUMENT No. 120)
The plaintiff moves for summary judgment on the CT Page 2297 issue of liability in this action seeking foreclosure of a promissory note secured by a mortgage, in the principal amount of $1,480,000.00. In its revised answer dated May 22, 1990, the defendant Factory Square Limited admits the following pertinent allegations:
 (1) On March 10, 1975 Michael K. Stern and Kathie M. Stern executed a promissory note, promising to pay the plaintiff the sum of $1,480,000.00;
 (2) On March 10, 1975 Michael K. Stern executed a mortgage on certain real property to secure said note;
 (3) On September 23, 1977 the plaintiff and the Sterns modified the aforesaid note and mortgage deed, releasing the Sterns from personal liability;
 (4) Also on September 23, 1977, Michael K. Stern conveyed the subject real property to the defendant, Factory Square Limited, a Connecticut limited partnership;
 (5) Real estate taxes due the town of Groton on the tax lists of 1986, 1987 and 1988 have not been paid, and "said failure to pay taxes is a default of the terms of the note and mortgage."
In its revised answer the defendant Factory Square Limited denies that it has failed to pay the monthly installments of principal and interest since August 1, 1989. Further, the defendant Factory Square Limited claims insufficient information as to the allegation that the plaintiff owns and holds the subject note and mortgage. The defendant Factory Square Limited raises two special defenses, both concerning the defendant's alleged tender to the plaintiff of a sufficient amount to cure any default on the note. The plaintiff filed a reply denying the special defenses. The plaintiff filed a motion for summary judgment dated June 27, 1990, seeking judgment on the issue of liability only, claiming that there is no genuine issue of material fact as to the plaintiff's default arising out of its failure to pay municipal taxes. The plaintiff submitted a memorandum in support of its motion, as well as an affidavit of the Groton tax collector and an affidavit of John C. Morris, vice president of Chelsea Groton Savings Bank (which referred to the subject note and mortgage and attached them as CT Page 2298 Exhibits A and B). The defendant submitted no evidence nor a memorandum in opposition to the motion for summary judgment. This matter appeared on the July 30, 1990 short calendar. A motion for summary judgment should be granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Connecticut Practice Book section 384; Daily v. New Britain Machine Company, 200 Conn. 562, 568 (1986); DeLucia v. Burns, 11 Conn. App. 439
(1987). A material fact has been defined as one which will make a difference in the result of a case. United Oil Company v. Urban Redevelopment Commission, 158 Conn. 364, 379
(1969).
The plaintiff's complaint contains only the following allegations concerning the defendant Factory Square Limited:
 5. On September 23, 1977, the (sic) Michael K. Stern conveyed all of his interest in said property to Factory Square Limited, a Connecticut limited partnership, and said deed of conveyance is recorded in volume 312, page 331, Groton Land Records.
and
 15. The defendant Factory Square Limited is the record owner and is in possession of said property, and collecting rent from tenants in possession.
The affidavit of John C. Morris contains only the following statement concerning the defendant Factory Square Limited:
 7. On September 23, 1977, the plaintiff Chelsea Groton Savings Bank consented to the conveyance of those premises known as Factory Square, which is secured by the above mentioned mortgage, from Michael K. Stern to Factory Square Limited, a Connecticut limited partnership.
The affidavit of the Groton tax collector states that the town tax records indicate that Factory Square Limited owns property known as Factory Square at 12 Water Street and that municipal tax liens have been recorded against the premises of Factory Square Limited. CT Page 2299
The plaintiff's complaint does not allege that the defendant Factory Square Limited executed the subject note and mortgage, or that it assumed said note and mortgage, or that it agreed to be bound by the terms of said note and mortgage. Similarly, the evidence presented by the plaintiff does not establish any of these elements. The mortgage deed and promissory note on their face obligate only Michael K. Stern and Kathie M. Stern.
"Unless the grantee has agreed to assume an existing mortgage debt, the mere taking of title to the mortgaged property imposes no personal liability on the grantee to satisfy the debt, and the obligation to pay remains that of the mortgagor alone." Cassidy v. Bonitatibus, 5 Conn. App. 240,242 (1985); (citations omitted). "Assumption of a mortgage by a grantee will not be presumed, and an agreement to do so must be established by clear and convincing proof." Cassidy v. Bonitatibus, 39 Conn. Sup. 188, 190 (Super.Ct. 1984) (citing 59 C.J.S., Mortgages section 412, pp. 587-88), aff'd. 5 Conn. App. 240 (1985).
Consequently, the plaintiff's motion for summary judgment is denied on the ground that a genuine issue of material fact exists as to whether the defendant Factory Square Limited is obligated under the note and mortgage of which the plaintiff seeks foreclosure.
Burns, J.